(9 App. Div. 94.)

FURMAN et ux. v. FURMAN et al.

(Supreme Court, Appellate Division, Second Department. October 6, 1896.)

CONDITIONAL ORDER—COMPLIANCE WITH CONDITIONS—PRESUMPTION.

It will be presumed that costs imposed as a condition of vacating a judgment and discontinuing the action were paid, so as to authorize the entry of an absolute order, where no attempt was ever made to enforce the judgment, or any measure taken to collect such costs, and a subsequent action was brought by the party entitled to the costs for the same relief as was sought in the discontinued action.

Appeal from special term, Queens county.

Action by Garrit Furman and Julia Furman against William H. Furman and others for partition. From an order vacating and annulling a judgment and discontinuing the action, Minnie W. Furman and Mirabeau L. Towns appeal. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

Delos McCurdy, for appellants.

Henry A. Monfort, for respondents.

HATCH, J. The property affected by this order was originally owned by the grandfather of the plaintiff, who devised a life estate in the same to his son, William H. Furman, the father of the plaintiff, with remainder over to his issue. William H. Furman had five children, and each child took an undivided one-fifth interest in the property, subject to the life estate of William. In 1876 the latter proposed to the children that the property be partitioned, and this was assented to upon the understanding that there should be no sale of the property, but that it should be divided so that each would have his interest immediately available for a favorable market when a sale could be effected if the parties so desired. Confidence was reposed in the father by the children, and he was given exclusive management and control of the partition action. It was claimed that, instead of having the property divided, he procured to be entered a judgment of sale of the property, and the appointment of a referee to sell. Upon the property being advertised for sale, this condition was discovered by the plaintiff, who in August, 1877, procured an order to show cause why the judgment should not be set aside and vacated, and the action discontinued. This step resulted in an order of reference to Thomas S. Moore to determine the costs to which the respective parties were entitled, and, upon being so determined and paid, the judgment was to be set aside and the suit discontinued. While the partition action was pend-

ing, Victor B. W. Furman, one of the sons of William, died, and Minnie W. Furman, now Braun, one of the present appellants, claiming to be the lawful issue of Victor, was brought in as a party defendant, and was adjudged to be the daughter of Victor, and entitled to share in the property. From the order vacating the judgment the said Minnie and William H. Furman appealed—the former through her guardian ad litem—to the general term of the supreme court, where the order was affirmed. Furman v. Furman, 12 Hun, 441. Thereafter, and in May, 1879, all of the remainder-men except Mrs. Braun consented to an order, which was entered, vacating the judgment, and discontinuing the action without costs. The costs of the guardian ad litem not having been taxed under the former order, and Moore declining to act, another reference was ordered. Upon the coming in of the report of the referee the court fixed the costs of the guardian at $95, and ordered that upon payment of the same the judgment should be vacated and the action discontinued. It does not affirmatively appear that this order was complied with by the payment of the costs. It is now claimed that this judgment is in full force and vitality as to Minnie W. Braun, and is res adjudicata of her legitimacy, and that the court has not the power, or, if it has, ought not to exercise it in the disturbance of so grave and important a matter. It is further claimed that Mr. Towns, who has succeeded to some of the rights of Mrs. Braun, is improperly brought in as a party to this motion, and that his rights cannot be disturbed or affected in this summary manner. It is clear that the court discontinued the action, contingent upon payment of costs. And the court, upon appeal, confirmed that decision. Without regard, therefore, to whatever rights were established by the judgment, or of the reasons which were assigned for the court's action, that decision is res adjudicata; and upon compliance with the terms of the order all rights established by the judgment, however grave, were wiped out. As to all the remainder-men except Mrs. Braun, the judgment was annulled by affirmative order; and all of the parties, including Mrs. Braun, have, by their acts, consistently asserted that the action was discontinued. If the judgment was to stand as to Mrs. Braun, then her rights in and to the property were definitely and affirmatively settled by the adjudication, and needed no further steps to make them effective, except by use of the remedy of enforcement. She, however, evidently understood that the judgment was no longer of validity as to her; for in October, 1895, she and Towns, who claims under her, brought an action for partition of the same premises,—an entirely unnecessary action, if the former judgment stood undisturbed. We think that this act upon her part is sufficient to raise the presumption that the order of discontinuance was complied with. Such presumption is still further strengthened by the action of the other remainder-men in entering the order of discontinuance, and the acts of all the parties in treating the judgment as annulled. Nearly all of the attorneys who appeared in or were connected with the action up to the order of discontinuance are now dead. And the costs could

have been paid under the order of the court, and no record made of it; nor would it necessarily appear, unless formal order was entered reciting it. That no attempt was ever made to enforce the judgment or other remedy resorted to by the guardian to collect his costs is a strong circumstance in favor of the presumption, created by the action of Mrs. Braun, that the costs were paid and the order complied with. Nothing which appears in opposition to the motion tends in the slightest degree to overcome this presumption, nor is explanation offered why Mrs. Braun and Towns commenced their partition action if they intended to claim under the judgment. There can be no question of the power of the court to make the order appealed from, or to grant relief upon motion, whether the application be treated as in aid of the former order, or as an original application. Ladd v. Stevenson, 112 N. Y. 325, 19 N. E. 842; Vanderbilt v. Schreyver, 81 N. Y. 646; Beards v. Wheeler, 76 N. Y. 213. So far as Towns is concerned, he cannot be prejudiced by the order which has been made. He was not a party to the action, and upon a trial he can now assert any right of which he is possessed.

We think the order appealed from correct. It should therefore be affirmed, with $10 costs and disbursements. All concur.