## In re HUNTER'S POINT & S. S. R. CO.

(Supreme Court, Appellate Division, Second Department.   December 8, 1896.)

1. RES JUDICATA—DISCONTINUANCE OF SUIT—EFFECT ON RIGHTS OF PARTIES.
   Where an order discontinuing a partition suit between heirs, after a decree therein, on condition that certain costs be paid, is complied with, all rights established by the decree, including an adjudication as to the legitimacy of one of the parties, are annulled.

2. CONDITIONAL ORDER—PRESUMPTION AS TO COMPLIANCE.
   Where an order was made after decree in a partition suit, discontinuing the action on condition that certain costs be paid, the bringing of a subsequent action by one of the parties to partition the same property is presumptive evidence that the condition was complied with.

Appeal from special term, Queens county.

Application by the Hunter's Point & South Side Railroad Company to acquire title to lands in Queens county, now of William H. Furman and others.   From an order confirming the report of a referee, and adjudging one Minnie W. Braun to be entitled to a share of the award made in said proceeding, Louisine F. Goldsmith and others appeal.   Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Henry A. Monfort, for appellants.
Raphael J. Moses, for respondent Minnie W. Braun.

PER CURIAM.   The only portions of the order assailed on this appeal are those which award relief to the respondent as the daughter of the late Victor B. W. Furman.   The referee regarded the judgment in the partition suit of Garrit Furman and wife against William H. Furman and others as conclusive evidence of the legitimacy of Minnie W. Braun, and the special term, by confirming his report, must be deemed to have adopted his view in this respect. We think that view was erroneous.   It was proven before the referee that in 1895, Minnie W. Braun, as a co-plaintiff with Mr. Mirabeau L. Towns, instituted an action for the partition of the very property which had been involved in the Furman partition suit. We had occasion to consider the effect of her conduct in this respect in Furman v. Furman, 9 App. Div. 94, 41 N. Y. Supp. 76. There the question was whether a conditional order discontinuing the partition suit in which the judgment was rendered had been complied with, and we held that the bringing of the subsequent action by Mrs. Braun, in association with Mr. Towns, was presumptive evidence of such compliance.   "We think this act upon her part," said Mr. Justice Hatch in that case, "sufficient to raise the presumption that the order of discontinuance was complied with." We also hold that, upon compliance with the terms of the order of discontinuance, all rights established by the judgment, however grave, were wiped out.   The referee in this proceeding, on the contrary, acted on the assumption that the order did not do away with the adjudication as to the legitimacy of the respondent.

For the error below in treating the decree in partition as a valid

and existing judgment between the parties on this question the order appealed from must be reversed, with costs to abide the event, and the proceeding remitted to the special term for a rehearing upon the issues raised by the petition and answers.