In the Matter of the Application of DONALD ROBERT GOOD for Admission to the Bar. (From the State of Idaho.) —Application granted. Present — Lazansky, P. J., Young, Kapper. Hagarty and Carswell, JJ.

In the Matter of the Application of JOSEPH W. HAZELL for Admission to the Bar. (From the District of Columbia.) —Application granted. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

In the Matter of the Application of WALTER L. O'ROURKE for Admission to the Bar. (From the State of Florida.) —Application granted. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

In the Matter of the Application of DANIEL E. O'KEEFE for Admission to the Bar. (From the State of Connecticut.) —Application granted. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

In the Matter of ULYSSES S. ADLER, an Attorney.— The frank admissions of respondent, his apparent contrition, his prompt steps leading to full restitution, his good reputation in the community where he lives and practices and other attendant circumstances lead the court to believe that in this case a censure will be sufficient. Respondent is, therefore, censured. Present — Lazansky, P. J., Young, Carswell, Tompkins and Davis, JJ.

JACOB ALTMARK, Respondent, v. THE BANK OF UNITED STATES and JOSEPH A. BRODERICK, as Superintendent of Banks of the State of New York, Appellants.— Order denying motion for a rehearing affirmed, with ten dollars costs and disbursements. No opinion. Young, Carswell, Tompkins and Davis, JJ., concur; Scudder, J., dissents, with the following memorandum: I think the defendants, under all the circumstances, are not chargeable with delay. Furthermore, the various interests involved in the failure of the Bank of United States are so important that no ordinary technicality of practice should stand in the way of a determination upon the merits of the present case, which, with the *Maged* case (*Matter of Maged* v. *Bank of United States*, 234 App. Div. 295, decided by this court on January 8, 1932) and perhaps other cases growing out of the bank's failure, may establish very important precedents. I also think there is no reason for believing that defendants are acting in bad faith in making this motion. At least I cannot find any evidence of lack of good faith. As to excuse for delay, see Cohen's affidavit (Papers on Appeal, fol. 38). With reference to the statement that defendants are bound by the stipulation agreeing to the facts, I think the court has power to grant the relief requested " in the furtherance of justice. Its power to do so * * * is inherent." (*Ladd* v. *Stevenson*, 112 N. Y. 325, 332.) All defendants ask is a rehearing, which I assume will give them the opportunity of presenting our recent decision in the *Maged* case as a precedent. That opportunity, in my opinion, should be granted.

HARVEY J. ANDERSON, Respondent, v. A. H. SICKINGER, INC., and GREENLAND HOTEL, INC., Defendants, Impleaded with FRANCIS A. MYERS and ELLIS · A. TAYLOR, Appellants.— Judgment reversed on the law and the facts and a new trial granted, costs to abide the event. There is no proof in the record as to the value

of the mortgaged chattels at the time of their conversion by appellants; hence there is no basis for a deficiency judgment or for that part of the judgment which decrees that if possession of the chattels cannot be given to the plaintiff he is entitled to judgment for the full amount of the chattel mortgage plus interest and costs. Findings of fact and conclusions of law inconsistent herewith are reversed. Young, Scudder, Tompkins and Davis, JJ., concur; Lazansky, P. J., concurs in result. Settle order on notice.