■ First National Bank of Glens Falls, Respondent, v Estate of Isabel Robinson, Also Known as Isabel St. John, et al., Appellants.— Appeal from an order of the Supreme Court at Special Term, entered December 2, 1978 in Warren County, which granted plaintiff partial summary judgment. Seeking to recover possession of a 1978 Ford pick up truck, damages for its wrongful detention and attorneys' fees, plaintiff bank alleges that, acting for herself and as agent for her husband defendant Paul St. John on November 7, 1977, decedent Isabel Robinson entered into an installment loan note and security agreement with plaintiff pursuant to which the bank advanced $4,800 to decedent and she in turn gave the bank a security interest in a 1978 Ford pick up truck. The bank further alleges that, on November 9, 1977, decedent purchased the truck in question and then proceeded to have it registered in her husband's name and to have the bill of sale issued in her husband's name even though St. John paid no consideration for the truck. Later, when default occurred on the note, St. John refused to comply with plaintiff's demand for possession of the truck in accordance with its alleged rights under the security agreement, and the present action ensued. Finding that plaintiff had demonstrated a prima facie case and that St. John had not come forward with matters of an evidentiary nature to demonstrate the existence of triable issues of fact, Special Term thereafter granted plaintiff partial summary judgment to the extent of directing St. John to deliver the subject truck to plaintiff forthwith or, in case possession thereof could not be delivered, directing St. John to pay plaintiff the value thereof, i.e., $4,200. Defendant St. John now appeals. We hold that this grant of partial summary judgment was improvident and that it should, accordingly, be reversed. It is well settled that this drastic remedy should be employed only "when there is no doubt as to the absence of triable issues" (*Andre v Pomeroy,* 35 NY2d 361, 364), and here numerous factual questions mandating a trial are presented. Defendant St. John signed neither the installment note nor the security agreement at issue, and he asserts that he never authorized his deceased wife to act as his agent and sign them on his behalf. He further maintains that no security interest in the truck was ever created because the vehicle was never sold or transferred to his deceased wife who was the one who signed the security agreement, and his position on this question is supported by both the bill of sale and the certificate of title which are in his name. Additionally, nothing in the present record establishes that the truck's value is $4,200, the figure adopted by Special Term. Under these circumstances, triable issues are clearly presented as to, *inter alia,* whether an agency relationship existed between St. John and his deceased wife, whether a security interest was created in the truck and whether the truck was correctly valued at $4,200. Such being the case, this matter must be remitted for a trial. Order reversed, on the law, motion denied and matter remitted for trial, with costs

to abide the event. Sweeney, J. P., Kane, Staley, Jr., Main and Herlihy, JJ., concur.