OPINION OF THE COURT

Per Curiam.

Judgment entered June 18, 1979 modified by granting partial summary judgment in favor of plaintiff against *576 defendant Sara R. Soltes and the case remanded to the court below for an assessment to determine the value of the subject automobile at the time of conversion; as modified, judgment unanimously affirmed, without costs.
Appeal from order dated June 19, 1979 denying defendants’ motion for reargument dismissed, without costs, as nonappealable.
Plaintiff is the assignee of a holder of a promissory note and a perfected security agreement covering a 1976 Datsun automobile which secured payment of the note. The individual defendant Soltes purchased the Datsun at an execution sale, subject to the security interest, and thereafter stored the auto at the garage of the corporate codefendant, where storage charges have since accumulated and remain unpaid. Upon a default by the maker of the note, plaintiff brought this action against both defendants seeking possession of the automobile or, in the alternative, money damages. The garage counterclaimed for its storage charges.
As a consequence of the default, the title of plaintiff, successor chattel mortgagee, became absolute, and she is entitled to possession against Soltes, who has refused to surrender possession or to retrieve the auto from storage. In computing damages, the Civil Court erroneously premised plaintiff’s recovery on the balance remaining on the promissory note. Soltes was not a party to the note or security agreement and never assumed the obligations of the maker. The correct measure of damages in this instance is the value of the mortgaged chattel at the time of conversion (8 NY Jur, Chattel Mortgages, § 152; First Nat. Bank of Glens Falls v Estate of Robinson, 72 AD2d 626; Anderson v Sickinger, Inc., 235 App Div 735), an issue not developed on the submission below. We have remanded for an assessment on that issue.
With respect to the garage’s counterclaim, it is true that the garage’s lien has priority over plaintiff’s security interest and that the garage may detain the vehicle until its charges are paid (Uniform Commercial Code, § 9-310; *577 Lien Law, § 184). But the court below did not award possession to the plaintiff and the garage remains free to enforce its lien. If the garage wishes to pursue an alternative remedy for damages, such action is more appropriately maintained against its codefendant Soltes, not this plaintiff who neither requested, authorized, nor was aware of the storage. We, therefore, concur in the Civil Court’s dismissal of the counterclaim.
Hughes, J. P., Riccobono and Sullivan, JJ., concur.