the trial. The motion is denied, with $10 costs to plaintiff to abide the event.

Motion denied, with $10 costs to abide event.

---

(30 Misc. Rep. 67.)

### McCLOUD v. MEEHAN et al.

(Supreme Court, Special Term, New York County. December, 1899.)

1. JUDGMENTS—MOTION TO VACATE—FRAUD—LIMITATIONS.

Code Civ. Proc. § 724, providing that a party may, at any time "within one year after notice" of the entry of a judgment, move to vacate the same, when entered through his mistake or excusable neglect, does not limit the power of the court to grant such relief within one year, where judgments are fraudulently entered without such notice.

2. SAME—EVIDENCE.

Seven years after summons plaintiff took personal judgment against defendant for damages and costs, whereas his complaint asked only the deposit of a trust fund in the hands of defendant with a receiver, and for costs out of the fund. Defendant did not appear, because of plaintiff's representation that he was only a formal party and was not personally interested, and he was not served with notice of the entry of the judgment. No effort was made to collect the judgment until 20 years thereafter, when plaintiff sued to enforce it. *Held*, that defendant was entitled to have it set aside on motion, for fraud and deceit.

Action by Richard McCloud against Patrick J. Meehan to enforce a judgment, which defendant moved to set aside for fraud. Referred to a referee.

Peter Condon, for the motion.

Geo. C. Austin, opposed.

GILDERSLEEVE, J. In July, 1872, a summons and complaint were personally served on the defendant Meehan in an action to determine the ownership of a fund held by said Meehan, as trustee. There were a number of defendants, only one of whom appeared and contested the action, to wit, one Nicholson. The defendant Meehan did not answer or appear, for the reason that, as he alleges, he was at that time on very intimate terms with the plaintiff, and had great trust in him, and the said plaintiff assured the said Meehan that there was no occasion for him to appear, as he was not personally interested, and it was only for the sake of formality that said Meehan was made a party. The complaint prayed for the appointment of a receiver to whom said Meehan should pay over the trust fund; that plaintiff be declared the owner of said fund, and be paid the same; and that the plaintiff be paid his costs out of said fund, and have such further or other relief as might be just. Nothing was done in the action by said Meehan, who, as he claims, relied upon plaintiff's assurance that he had no interest in the same. The case was tried on the issues raised by the answer of said Nicholson, and on or about June 27, 1879, some seven years after the service of the summons and complaint upon Meehan, a judgment was entered adjudging that plaintiff was the owner of the fund, and directing Meehan, as trustee, to pay over the same to him, and further providing that the plaintiff

have judgment against all the defendants, including Meehan, for $1,632 (the amount of the fund), together with $186.73 costs, making in all $1,818.73, and that plaintiff have execution therefor. The defendant Meehan received, as he claims, no notice of the entry of said judgment, and, although during the seven years he had frequently heard from plaintiff, he received no information concerning this action. Finally, in July, 1899, some 27 years after the service upon Meehan of the summons and complaint, and about 20 years after the entry of the judgment, said Meehan was served with a summons in an action brought upon said judgment to enforce the same. He thereupon instituted an investigation, and on September 21st made a motion to set aside the judgment, which motion was adjourned from time to time, until it now comes up for determination. The principal ground of opposition is naturally founded upon the claim of gross laches. The limitation of section 724 of the Code, providing that the court may, at any time "within one year after notice" of the entry of the judgment, entertain the motion, does not apply in this case, as no notice of entry was given to Meehan. In the case of Ladd v. Stevenson, 112 N. Y. 332, 19 N. E. 842, the court of appeals (Earl, J.) hold that the power of the court is not limited by the above section of the Code, and the court add: "In the exercise of its control over its judgments, it may open them upon the application of any one for sufficient reason, in the furtherance of justice. Its power to do so does not depend upon any statute, but is inherent, and it would be quite unfortunate if it did not possess it to the fullest extent." The defendant attempts to excuse his laches by the alleged fact that he was lulled into inactivity by his faith in the assurances of the plaintiff, and that he knew nothing of the judgment until last July. The claim upon which this motion is based is that the judgment was more favorable to the plaintiff than that demanded in the complaint, since a personal judgment for $1,632 damages and $186.73 costs was entered against Meehan, whereas the complaint asks that Meehan pay over the trust money to a receiver, and that the costs be paid out of the fund. Section 1207 of the Code provides that, where there is no answer, the judgment shall not be more favorable to the plaintiff than that demanded in the complaint. So far as Meehan was concerned, there was no answer. His motion is to set aside the judgment as to himself. There was no allegation in the complaint that Meehan personally owed any money, and yet the judgment provides for a personal judgment against him. It is a fundamental rule that the judgment should be secundum allegata et probata, as any departure from that rule is apt to produce surprise, confusion and injustice. See Romeyn v. Sickles, 108 N. Y. 652, 15 N. E. 698. In the case of Peck v. Railway Co., 85 N. Y. 250, Judge Earl says that "section 1207 of the Code was intended for the protection of defendants who suffered default." If Meehan, under the circumstances above stated, suffered a default, the judgment against him should not be more favorable to the plaintiff than that demanded in the complaint. In the case of Furman v. Furman, 153 N. Y. 309, 47 N. E. 577, it was held that the power of the supreme court to control its judgments, and to set aside a judgment, on motion, for fraud or deceit practiced

by a party, is not subject to the limitations of time prescribed in sections 724, 1282, and 1290 of the Code. The defendant Meehan claims that the acts of the plaintiff herein amounted to deceit and fraud, inasmuch as he first induced the said Meehan not to appear in the action, and then, without warning, entered upon a personal judgment against him, although the complaint only demanded judgment against him in his representative capacity, and asked that the costs be paid out of the fund. Furthermore, so far as the question of laches is concerned, the plaintiff also appears to have been very remiss in taking steps to enforce his judgment. I am therefore inclined to the opinion that, if we accept as true the allegations of Meehan as to the facts of the case, this motion should be granted. In addition to the allegations tending to show fraud and deceit, the said Meehan alleges facts explaining the condition of the trust fund, and setting forth, at length, his relation with the plaintiff. There is, however, such a sharp conflict as to the facts of the case presented on this motion that I am unwilling to decide the matter upon the conflicting affidavits. I am of opinion that the matter should be sent to a reference, in aid of the conscience of the court, and that the referee should take testimony concerning all the facts and circumstances of the case, and report the same to the court, with his opinion thereon. An order may be handed up referring the matter to Nelson Smith, Esq.

Ordered accordingly.