(87 App. Div. 165.)

CONLON v. MISSION OF THE IMMACULATE VIRGIN et al.

(Supreme Court, Appellate Division, First Department.    October 23, 1903.)

1. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DUE DILIGENCE.

On motion for new trial on ground of newly discovered evidence consisting of writings, it was not necessary for the moving party to allege that she had exercised due diligence, and could not, had she searched, have before discovered the writings, where she did not know of their existence until she discovered them.

2. SAME—SUFFICIENCY OF EVIDENCE.

Plaintiff, having sought and failed to establish an oral agreement whereby her deceased husband had promised that she should have all his property on his death, moved for a new trial for newly discovered evidence, consisting of three writings subsequently discovered among his possessions. One, a leaf from a memorandum, stated that "for love and care I agree to make K. [plaintiff] my heir"; another, found on the back of a blank check, was, "Halifax, 1896, Rec'd from K. $8,500 in lieu of all my estate"; another recited that "this day I agree with K. to give her all my property real and personal." Held, that plaintiff was entitled to a new trial, and it was immaterial that the writings did not constitute a written agreement, they being corroborative of plaintiff's evidence of an oral agreement.

3. ORAL AGREEMENT FOR DEVISE.

That an agreement to devise land is oral does not necessarily render it void, but it may be valid from the nature of the contract or on account of part performance.

Appeal from Special Term, New York County.

Action by Eva K. Conlon against the Mission of the Immaculate Virgin and others. Judgment for defendants, and from an order denying a new trial plaintiff appeals. Reversed.

The action was brought for the specific performance of a contract whereby the plaintiff alleges her husband, now deceased, agreed for a valuable consideration that she should have all his property upon his death. The principal facts and the claims of the parties were recently considered by this court in Conlon v. Mission of Immaculate Virgin, 84 App. Div. 507, 82 N. Y. Supp. 998. Upon that appeal a decision of the Special Term dismissing the complaint upon the merits was affirmed with slight modifications. This appeal is from an order denying a motion for a new trial upon the ground of newly discovered evidence, and the question presented is whether or not the evidence it is proposed to introduce is such as calls for a new trial. The affidavit of the plaintiff in support of the motion avers that, as the result of a search recently made at the instigation of her attorney among her husband's effects, she discovered three papers, of which she previously knew nothing, which papers are in the handwriting of her husband; that one of these, consisting of a leaf from a memorandum book, she found folded up among some papers in an old cloth bag in a trunk which prior to her husband's death had been sent to a storage warehouse, and which she thought contained only papers relating to business transactions between him and his father, but on this leaf he had written, "For love and care I agree to make Kinnis my heir. J. P. C. 'Doc.' " She further avers that among the things which had been stored prior to her husband's death was an old leather dressing case of his which contained toilet articles, and which she had no reason to believe contained papers, but in it she found some old checkbooks, and on the back of one of the blank checks was written, in his handwriting: "Halifax, 1896, Rec'd from E. Kinnis, Eight thousand and five hundred 8,500 in lieu for all my estate. J. P. Conlon." The third paper,

¶ 3. See Frauds, Statute of, vol. 23, Cent. Dig. § 132.

84 N.Y.S.—4

a leaf torn from a safe deposit company pad, the plaintiff avers she found in a box in the safe deposit vault, in the pocket of a card case, among some visiting cards of her husband, and on this slip of paper he had written: "Feb. 21/95. This day I agree and contract with E. Kinnis to give her all my property real and personal. J. P. Conlon." The averments of the plaintiff are supported by two other affiants, who further state that the plaintiff was called "Kinnis" by her husband, and he was often called "Doc," and that at the time of the search the plaintiff was looking for some paper which her husband had given her by way of receipt for money she had given him, when these other papers were found. The motion of the plaintiff for a new trial upon this new evidence was denied by the court, and from the order so entered the plaintiff appeals.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Morris A. Tyng, for appellant.
George M. S. Schulz, for respondents.

O'BRIEN, J. Upon the trial it was contended by the defendants that this action was barred by prior actions brought for the purpose of admeasurement of dower and for a construction of the will of the decedent; but as these contentions were not passed upon or considered, and if material the plaintiff thereon should have her day in court, it is unnecessary to discuss the effect or bearing of the prior actions further than to note in passing that they form no basis of the decision or judgment rendered against the plaintiff. She alleged and sought to prove an agreement with the decedent, her husband, by which, in consideration of her services and certain moneys advanced to him, the decedent promised to leave her all his property. The decision was based upon the grounds, first, that the plaintiff failed to sustain the burden placed upon her of establishing her claim of clear and convincing proof that such an agreement was made; and, secondly, that if it were established, as the greater part of her husband's estate consisted of real property, she was not entitled to the specific performance of such an oral contract, the contention being that such an agreement, under the statute of frauds, is void because not in writing.

With respect to the first ground, that the oral contract was not established by clear and convincing evidence, we are now presented with three statements, signed by the decedent, which have a direct bearing upon and tend to support her claim that such an agreement was made. It is admitted, because not denied, that these papers are in the handwriting of the decedent; that they have been found since the trial; and that their existence at the time of the trial was unknown to the plaintiff. Notwithstanding, it is contended that, under the rules governing a motion for a new trial upon newly discovered evidence, these are insufficient, and do not sustain the test as required by the rule. Thus the defendant insists that the plaintiff does not show that she exercised due diligence, nor that she could not, had she made a sufficient search, have had these papers upon the trial.

The answer to this is apparent from her statement that she did not look for them because she did not know of their existence, and that it was only after the trial, and when engaged in another and different search, that she unearthed these writings. It would be unreasonable

to charge plaintiff with laches for failure to make search or to find papers the existence of which were unknown to her.

In further contending that these statements, at best, are but declarations, and do not rise to the dignity of an agreement, and were never delivered, and therefore would not aid the plaintiff upon a new trial, we think that the respondent overlooks the bearing and the purpose for which these writings could be used upon the new trial. As they were never delivered, the plaintiff could not rely upon them as establishing a written contract, but they are available as corroborating evidence to support her contention of an oral agreement. We do not think we should dwell upon their force or effect, because their weight, in connection with the rest of the evidence, is to be determined by the trial judge upon the new trial. We deem it proper, however, to say that, in our view, their tendency is to strengthen the plaintiff's case by furnishing more satisfactory evidence than was given upon the former trial, and, if unimpeached or not refuted, might lead to a different decision.

Taking, therefore, the uncontradicted evidence bearing upon the finding of these papers and their authenticity, we think that, under all the tests that are applicable to motions of this kind, the plaintiff has brought herself within the rules entitling her upon this newly discovered evidence to a new trial.

The further insistence, that, even though upon such new trial she should establish the oral agreement, this would be unavailable, for the reason that it would be void under the statute of frauds as applying to real estate, is not an exact statement of the law. Whether an oral agreement which requires for its fulfillment the conveyance of real estate will be enforced depends on the nature of the contract itself and what has been done under it.

Thus, in Ludwig v. Bungart, 48 App. Div. 613, 63 N. Y. Supp. 91, in speaking of an action brought for breach of an oral contract for the conveyance or devise of real property, it was said:

"Such an agreement is void under the statute of frauds, unless there has been such performance on the part of the plaintiff as to take it out of the operation of that statute. Where the oral agreement is to convey the land upon the payment of a specified sum of money, such payment alone is not deemed a sufficient part performance, inasmuch as a recovery of the consideration in an action at law would fully indemnify the party by whom the purchase price was paid. Miller v. Ball, 64 N. Y. 286. Where, however, the entire consideration has been paid, and the purchaser has taken possession by consent of the vendor, has made improvements upon the land, paid the taxes, and incurred expenditures which cannot easily be made good to him in an action at law, he will be entitled to enforce the contract in equity. Winchell v. Winchell, 100 N. Y. 159, 163, 2 N. E. 897. So, where the consideration for the promised conveyance consists of services to be rendered, and the services are rendered, but the land is not conveyed, equity will not compel a conveyance unless the character of the services is so peculiar that it is impossible to estimate their value by a pecuniary standard, as in the case of an agreement to care for an epileptic. Rhodes v. Rhodes, 3 Sandf. Ch. 279."

Whether the services which the plaintiff alleges she performed were of that exceptional character that their value could not be estimated by a pecuniary standard is upon the evidence to be determined upon the trial. Having reached the conclusion, therefore, that the plaintiff has presented facts entitling her to the relief sought, and without in-

tending to in any way pass upon the merits of her claim or the defenses which have been heretofore or may be hereafter urged against her right to relief, we think that the motion for a new trial upon the ground of newly discovered evidence should have been granted.

The order accordingly should be reversed, with $10 costs and disbursements of this appeal to the appellant, and the motion granted upon the payment of all the costs in the action, including the costs and disbursements of other appeals up to the date of the motion. All concur.

---

(41 Misc. Rep. 238.)

REESE et al. v. NORTHRUP.

(Supreme Court, Special Term, Erie County. July, 1903.)

