(45 Misc. Rep. 151)

RILEY v. RYAN.

(Supreme Court, Special Term, Columbia County. November, 1904.)

1. JUDGMENT—VACATING—POWER OF COURT.
    The inherent power of the court to vacate judgment in furtherance of
    justice is not affected by Code Civ. Proc. §§ 724, 1282, limiting the time
    for vacating judgment on application for mistake, surprise, or excusable
    neglect to one year from entry thereof.

2. RES JUDICATA.
    Where an administrator and his attorney were charged with fraud
    in agreeing to discontinue an appeal from a judgment on a claim against
    the intestate's estate, and on examination in the Surrogate's Court on
    petition for removal of the administrator the finding was rendered that
    he was not guilty of fraud, it was res judicata in a subsequent proceed-
    ing by the next of kin of the intestate to vacate the judgment.

3. ADMINISTRATION OF ESTATE—APPEAL FROM JUDGMENT—INTERVENTION—VA-
    CATING JUDGMENT.
    An administrator appealed from a judgment establishing a claim
    against the estate, but on application by next of kin for leave to intervene
    to take part in the appeal he withdrew the same. The court granted the
    motion of the next of kin with knowledge of the discontinuance. Held
    that, irrespective of any question of fraud, the judgment will be vacated
    on the motion of the next of kin, unless the attorneys to the action con-
    sent to the appeal.

4. INTERVENTION—BOND FOR COSTS.
    Interveners in an action cannot be required to give security for costs.

Action by John J. Riley against David Ryan, administrator of Alice
R. Farry. Judgment for plaintiff. Alice Hughes and Maggie Tan-
sey moved for permission to intervene. Motion to vacate judgment.
Granted.

John L. Crandell, for Alice Hughes and another, intervening de-
fendants, in support of the motion.
A. F. B. Chace & Sons, for plaintiff, opposed.
D. V. McNamee, for defendant, opposed.

HOWARD, J. Alice R. Farry died on or about September 29,
1898. Letters of administration on her estate were issued to David
Ryan October 6, 1898. In May, 1900, the plaintiff herein, John J.
Riley, presented to the administrator a claim against the estate of the
deceased for work, labor, and services, amounting to $1,200. By stip-
ulation of the attorneys this claim was, by an order of the court made
and entered March 28, 1901, referred to a referee to hear and deter-
mine. Upon the hearing a motion was made by the plaintiff's attorney
herein to amend the claim so as to demand $2,800 instead of $1,200.
This motion was granted against the objection of the attorney for the
administrator. The referee reported to the court at the conclusion of
the hearing that all the estate after the payment of the debts, funeral,
and testamentary expenses and costs of the action should be assigned
and delivered by the administrator to the plaintiff, and on July 27, 1903,
a judgment to that effect was entered. August 15th following, an
appeal from this judgment was taken by the administrator, but was not

¶ 4. See Costs, vol. 13, Cent. Dig. § 443.

brought on for argument, and in the Surrogate's Court on June 3, 1904, the attorney for the administrator, being pressed by the attorneys for the moving parties herein, agreed to argue the appeal at the September session of the Appellate Division. On June 24th following, a notice of motion was served by the attorney for Alice Hughes and Maggie Tansey of their intention to move the court for permission to intervene and become parties to the action for the purpose of taking part in the appeal. This order was granted at Special Term July 2d following. In the meantime, and on June 30th, an order was taken from the Appellate Division discontinuing the appeal, and on July 1st the plaintiff received the money called for by his judgment, and gave to the administrator a satisfaction thereof. This is a motion asking for an order that the judgment entered herein on July 27, 1903, and the satisfaction thereof, filed July 8, 1904, and the report of the referee and the order appointing the referee, and all proceedings therein, be vacated and set aside.

It has been argued by the attorneys for the administrator and for the plaintiff herein that the court has no authority, after one year, to vacate a judgment, even should it conclude that it ought to do so; being prevented therefrom by sections 724 and 1282 of the Code. This is clearly not the rule. These sections have been repeatedly ignored by all the courts, and the Court of Appeals has, on several occasions, held that the court may, because of the inherent power residing in it, and independent of and notwithstanding any statute, grant this relief in the furtherance of justice for any sufficient reason, and at any time. In Ladd v. Stevenson, 112 N. Y. 332, 19 N. E. 844, 8 Am. St. Rep. 748, Judge Earl, writing the opinion, said:

"The whole power of the court to relieve from judgments taken through 'mistake, inadvertence, surprise, or excusable neglect' is not limited by section 724, but, in the exercise of its control over its judgments, it may open them upon the application of any one for sufficient reason, in the furtherance of justice. Its power to do so does not depend upon any statute, but is inherent, and it would be quite unfortunate if it did not possess it to the fullest extent."

And in Weston v. Citizens' National Bank, 88 App. Div. 337, 84 N. Y. Supp. 748, the court says, in quoting the Court of Appeals:

"The power of the Supreme Court to open defaults, to set aside or vacate judgments, and to permit pleadings to be served, in furtherance of the ends of justice, is unquestionable. It is a power exercised continually, and grows out of the control it has over its own records and judgments and the actions pending therein. There are so many occasions for its exercise that it should not be curtailed. Whether the power shall be exercised in any case rests in its discretion, with the exercise of which this court will not ordinarily interfere."

In the moving papers the administrator and his attorney are accused of secretly entering into the arrangement to discontinue the appeal and to pay and satisfy the judgment herein, thus tainting the transaction with fraud. This matter has been thoroughly thrashed out in the Surrogate's Court in Columbia county in a proceeding on the part of the moving parties herein for the removal of the administrator, and the surrogate in those proceedings found that the administrator was not guilty of fraud, and refused to remove him. I hold that these proceedings are res adjudicata, and that the question of

fraud cannot again be considered here; nor am I, upon this motion, willing to attempt to review the acts of the referee in permitting an amendment to the claim of the plaintiff, or to review any proceedings taken before him. Whatever questions may arise as the result of that hearing should be disposed of upon appeal, but that there are questions presenting subjects for review seems apparent.

The moving parties, in their petition asking to be allowed to intervene, allege that they desire only to intervene for the purpose of proceeding with the appeal, and not for the purpose of vacating the judgment; but before the motion was heard and granted, and before they became parties to the action, the appeal was dismissed. The court, after duly considering the matter, granted their order, after having been apprised, as all the attorneys concede, of the fact that the appeal had been dismissed. There seems to be no doubt that the order then made will be wholly frustrated and balked by the act of the administrator and his attorney and of the plaintiff and his attorney in permitting or causing the dismissal of the appeal before the petitioners herein were made parties to the action. The order will be utterly futile and nugatory unless the court, in the furtherance of justice, makes some further order granting them relief. This should not be permitted, and therefore I am led to the conclusion, without attempting to pass upon the question of fraud or the alleged errors of the referee, and find accordingly, even though there is no fraud, that the next of kin of this deceased party, who, if the claim of this plaintiff is rejected, would receive the estate, should be permitted to proceed with the appeal, and have their day in court, and that, therefore, an order should be entered granting the relief demanded in the moving papers, with $10 costs, unless the plaintiff's attorney and the administrator's attorney, within 10 days from the entry of the order, consent to proceed with the appeal.

A motion was made in this action for an order requiring Alice Hughes and Maggie Tansey to give security for costs herein. The defendants in an action cannot be required to give security for costs, and these parties, after having intervened, became defendants in the action. The attorney for the administrator argues that this is a special proceeding, and that, therefore, they are in the attitude of plaintiffs. I cannot, however, hold that way, but am convinced that this is a motion in the action. Therefore the motion of the administrator to compel Alice Hughes and Maggie Tansey to give security for costs is denied.

Ordered accordingly.