(103 App. Div. 176.)

RILEY v. RYAN et al.

(Supreme Court, Appellate Division, Third Department. March 29, 1905.)

1. EXECUTORS AND ADMINISTRATORS—PAYMENT OF CLAIMS—REFERENCE—JUDGMENT—VACATION.

The fact that a referee appointed under Code Civ. Proc. § 2718, to pass upon a disputed claim against an estate allowed an amendment of the claim filed, and that a judgment materially differing from that asked for in the claim filed was rendered on the amended claim, while it may be ground for reversing the judgment on appeal, is not ground for the vacation of such judgment at a subsequent term.

2. SAME—ACTIONS AGAINST ADMINISTRATOR—JUDGMENT—CONCLUSIVENESS ON NEXT OF KIN.

If the next of kin are necessary parties to an action against an administrator involving a disputed claim, a judgment rendered in such action in their absence therefrom will not be effective against them, and the ad-

ministrator will, notwithstanding the judgment, be liable, in case he pays the same, for any improper distribution of the estate involved in such payment.

Appeal from Special Term.

Action by John J. Riley against David Ryan, as administrator of Alice R. Farry, deceased, and others. From an order (91 N. Y. Supp. 952) vacating the judgment, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

J. Frank Chace, for appellant.
John L. Crandell, for respondents.

PARKER, P. J. This is an appeal from an order made at special term vacating a judgment rendered by a referee appointed under section 2718 of the Code of Civil Procedure. Judgment was rendered in favor of the claimant and against the administrator of the estate of Alice R. Farry, deceased, and was entered up on July 27, 1903. The administrator appealed from such judgment, but subsequently, and on June 30, 1904, moved to dismiss the appeal, and an order was entered in the Appellate Division on the same day to that effect.

Alice Hughes and Maggie Tansy, two of the next of kin of the deceased, complain that they have been prejudiced by such dismissal, and charge that such dismissal was brought about by connivance between the administrator and the said claimant; and on the 2d day of July, 1904, they procured an order at Special Term bringing them in as parties to that action. Subsequently to the granting of that order the administrator paid to the claimant, in full, the judgment from which the appeal had been taken, and procured a discharge of the same. The said next of kin thereupon made a motion at Special Term and procured the order from which this appeal is taken. The order directs that the judgment entered upon the report of the referee, and the satisfaction thereof which was filed July 8, 1904, and the report of the referee, and the order appointing the referee, and all the proceedings therein, be vacated and set aside, with $10 costs to the said Alice Hughes and Maggie Tansy, and that a new trial be granted, unless the attorneys for the claimant and the administrator within 10 days consent that the appeal which was dismissed be reinstated, and the same be restored to the calendar of the Appellate Division.

The notice of motion upon which this order was granted stated five different grounds upon which it was claimed that the order should be allowed. The first was, in substance, that the referee had improperly allowed an amendment of the claim filed; the second, that the referee had no power or jurisdiction to render judgment upon such amended claim; the third, that the judgment rendered materially differed from that asked for in the claim filed. Evidently such grounds, while they might be reasons for reversing the judgment on appeal, are not grounds authorizing another Special Term to vacate it. The other two grounds are

based entirely upon the charge of a fraudulent connivance between the administrator and the claimant, by which the appeal was dismissed in order to prevent the said next of kin from having the benefit of a reversal of the judgment. It is apparent, from the record, that no such fraudulent connivance was established at Special Term. It is not insisted upon now that it was there proven, and the judge at Special Term, in the opinion then written, states that no such facts have been established before him. It is clear, therefore, that the grounds stated in the notice of motion are utterly insufficient to warrant the order granted. If, as claimed by these appellants, they are necessary parties to the action in which such judgment was rendered, its rendition will not be effective against them, and the administrator will be liable to them for any improper distribution of the estate the same as if it had not been rendered; and, if not necessary parties, then it is difficult to see upon what theory they can claim the right to intervene, or complain of the omission to appeal. In any event, any improper distribution of the funds of the estate can be regulated upon the administrator's final accounting before the surrogate.

The order appealed from was unwarranted, and should be reversed, with $10 costs and disbursements. All concur.