JOHN H. WOOD, Plaintiff, *v.* HARRY C. WESLEY, as Committee of the Personal Property of S. EDWARD DODGE, an Incompetent Person, Defendant.

(County Court, Oneida County, February, 1912.)

Judgments — Opening or vacating on motion — Actions to set aside or to enjoin enforcement (equitable relief).
Courts — Nature of courts and their powers — County courts.

> The County Court has inherent power over its judgments and may open them in the furtherance of justice.
>
> Where, after the commencement of an action for personal services, the defendant was declared an incompetent and his committee was substituted in his place, and on the trial the father-in-law of the plaintiff testified as to the terms of plaintiff's employment and that the incompetent in every instance specifically promised to pay, and denies, on cross-examination, that he had any interest in the action or expected to receive any part of the recovery, and, on a motion to set aside and vacate the judgment in plaintiff's favor, it appears that six months before the trial he had given his father-in-law a confession of judgment and that a receivership in supplementary proceedings subsisting against plaintiff and covering two judgments against him had been extended to said confession of judgment, the motion will be granted for misconduct, as had the facts appeared the testimony of plaintiff's father-in-law as to personal transactions between plaintiff and the incompetent would have been excluded.

MOTION on behalf of defendant to vacate and set aside the judgment herein, and for a new trial. The opinion states the case.

McMahon & Larkin, for motion.

D. Francis Searle, opposed.

HAZARD, J. Some time early in the year 1910, or thereabouts, S. Edward Dodge rented his farm to the plaintiff herein, who occupied it as a tenant during the greater part of that year. This action was brought to recover for certain

services alleged to have been rendered by Wood, the tenant, to his landlord. In the latter part of the year 1910, Dodge was declared incompetent, and this defendant was substituted in his place in this action which had already been brought. Upon the trial of the action, the plaintiff was, of course, incompetent to testify as to personal transactions with his erstwhile landlord, but succeeded very nicely in avoiding the provisions of section 829 of the Civil Code by producing Alva Burdick, his father-in-law, who had a very convenient memory and seems to have always been around when Wood and Dodge were talking business, and was able to remember the alleged employment and its terms, and even that Dodge in every case specifically promised to pay. Some time early in 1911, a judgment was obtained against this plaintiff, and a receiver appointed of his property. The receivership was, later and before the trial, extended to a second judgment. At the outset of the trial, objections were made to the plaintiff's proceeding, upon the ground that a receiver had been appointed of his property who was the real party in interest and should be substituted. That motion was denied, which action by this court is, I believe, consistent with the decision about to be made, because the outcome of the action might be and was in favor of Wood, although the recovery would of course be taken by the receiver and applied upon the payment of Wood's debts. The action was for $396.30 and resulted in a verdict in plaintiff's favor for $256.25. During the course of the trial, the witness Alva Burdick was asked if he had any interest in the action or its outcome, and if he expected to receive any part of the recovery, all of which he denied. It transpires that, some six months prior to the trial of this action, Wood, the plaintiff, had confessed a judgment to his father-in-law, Alva Burdick, and that the receivership above referred to had also been extended to his case. All of this was unknown to the defendant, as his affidavit shows. He now moves to set aside that judgment upon the grounds above stated, the basis of his motion being that Burdick should not have been permitted to testify, and that his doing so and concealing the fact or alleged fact of his

interest or possible interest was, in effect, a fraud upon the court and misconduct upon the part of the witness.

It is urged as an objection to this motion that it can only be made under section 997 of the Code, and that it can only be made upon a printed case. After mature deliberation, I have reached the conclusion that the point is not well taken as to either proposition. The motion is not strictly for a new trial upon newly-discovered evidence, but is rather to set aside the judgment by reason of improper conduct and virtual fraud. It does not appear that a case would serve any beneficial purpose whatever. The moving affidavits show the nature of the testimony given by the witness Burdick, and its indispensable features to the plaintiff are clearly manifested. It has been held in innumerable cases that the court has inherent power over its judgments, and may open them upon the application of any one for sufficient reason, *in the furtherance of justice;* and that the power of the court to do so does not depend upon sections 724, 997, 1282, 1290, or upon any statute whatever, but is inherent. Clark v. Scovill, 198 N. Y. 286; Vanderbilt v. Schreyer, 81 id. 648; Riley v. Ryan, 45 Misc. Rep. 153; Ladd v. Stevenson, 112 N. Y. 325; Matter of Henderson, 157 id. 426; Sipperly v. Bancus, 24 id. 46; Matter of Wiltse, 5 Misc. Rep. 115; Dinsmore v. Adams, 66 N. Y. 618; Donnelly v. McArdle, 14 App. Div. 217; Furman v. Furman, 153 N. Y. 309; McCloud v. Meehan, 30 Misc. Rep. 67.

This power has even been held to exist in the furtherance of justice, upon motion, *after a judgment had been satisfied,* and it was said that the courts have a " habit to exercise it in aid of justice." Hatch v. Central National Bank, 78 N. Y. 488.

While this power is ordinarily exercised by the Supreme Court, the County Court has also similar powers. Code Civ. Pro., § 3247; Feist v. Third Ave. R. R. Co., 13 Misc. Rep. 240.

I have, therefore, reached the opinion that, if this court believes that the judgment is an unjust one, and was obtained upon improper evidence (viz.: upon evidence which,

had the facts been known, the court would have excluded practically all of the evidence which enabled the plaintiff to recover), this court has the power to set aside the judgment and should exercise it.

It is said that the defendant has been guilty of *laches;* in fact, it is claimed that he should have known of the extension of the receivership to Burdick's judgment at the time of the trial. I do not think that is so. In the first place, defendant is simply a committee, and cannot be supposed to have the familiarity with the subject of the action which a party personally interested might be chargeable with. It follows that he could hardly be supposed to know what witnesses the plaintiff might call to prove up his case. While it appears from the papers before me that the extension order then was and had been a matter of record for some months, it also appears that the defendant had no knowledge of the existence of such an order; and I should be unwilling to hold that he was guilty of negligence in failing to surmise that Alva Burdick would be a witness for the plaintiff, and that an order had been entered in the Oneida county clerk's office, which is in Utica, while defendant lives in Rome, the effect of which might be to prove Alva Burdick an incompetent witness. He did not search for such an order, because he did not know of its existence; and negligence should not be charged against him. Conlon v. Mission of Immaculate Virgin, 87 App. Div. 168.

The plaintiff's point that defendant is deputy county clerk is of no moment, as it appears his duties are simply that of court clerk at Rome, and he has nothing whatever to do with the county clerk's office.

We thus come to the merits of this motion which, passing over the question of fraud or deceit or improper conduct on the part of any one, may be resolved down to the simple legal proposition as to whether, under the circumstances, Alva Burdick was an interested witness. If the situation was that it was his judgment in the first instance upon which the receiver had been appointed, there could be no room for question or even argument, as his receiver would take the recovery.

Plaintiff makes some elaborate figures and arguments to show as a matter of mathematics that the recovery will not go far enough so that Alva Burdick can possibly, or at least probably, receive any of it; but I am not inclined to think that by so doing he has demonstrated that his witness was a qualified one.   At the outset we must remember that he testified very diligently in favor of the plaintiff in an action in which the plaintiff was suing for $396.30 damages. That plaintiff only recovered $246 was clearly not the witness' fault.   He certainly did what he could to get a recovery and to make it as large as he could.   It seems to me that to allow a recovery to stand under such circumstances would be a miscarriage of justice; and the fact that the witness failed to make his son-in-law's recovery large enough to, perhaps, reach to his judgment does not, in my opinion, relieve the situation to any appreciable extent.   Here was a law suit in which there was a sum involved sufficient to help Alva Burdick materially, if the plaintiff could recover what he claimed; and yet Burdick takes the stand and swears manfully for the plaintiff.   Worse than all this, when questioned regarding a possible interest in the outcome, he stoutly denied it.   It is true that the questions asked were perhaps not sufficiently searching to reduce the witness' denial to anything more than a legal or perhaps financial conclusion; but this witness was not the plaintiff, and I have held that defendant's attorneys ought not to be required to foresee who plaintiff's witnesses might be, and what possible interest some of them might have in the outcome.   Had it appeared to the court at the time of the trial that the facts were as they are, the evidence of Alva Burdick as to personal transactions between Wood and the incompetent would surely have been excluded.   As that fact was concealed from the court, and was not known to anybody connected with the defense, and was known to everybody connected with the plaintiff's case, I believe it would be unfair and improper to allow this judgment to stand.   An order may be prepared setting aside the judgment, and providing for a new trial of the action, without costs.

Motion granted.