ANDREW W. EASLING and Another, Plaintiffs, *v.* INDE-
PENDENT BREWING COMPANY, Defendant.

(Supreme Court, Monroe Special Term, December, 1916.)

Judgments — when vacated, set aside, and corrected — Code Civ. Pro.
§§ 723, 724.

A decision and judgment of the court may be vacated, set
aside and corrected under sections 723 and 724 of the Code of
Civil Procedure where the relief granted by the decision and
judgment exceeds the issue which was tried by the court.

MOTION to vacate and set aside judgment.

Hugh J. O'Brien, for plaintiffs, opposed.

Warren, Shuster & Case (Earl F. Case and Frank J.
Hone, of counsel), for defendant, for motion.

RODENBECK, J.   There is no question of the power of
the court to correct its decision and judgment on this
motion.   The authority of the court is regulated by
provisions of the Code of Civil Procedure, but it pos-
sesses inherent power aside from these provisions to
correct matters relating to its judgments which do not
affect substantial rights and are not properly cogniz-
able on appeal. *Heath* v. *New York Bldg.
Loan Banking Co.,* 146 N. Y. 260; *Chester* v.
*Buffalo Car Mfg. Co.,* 183 id. 425; *Corn Ex-
change Bank* v. *Blye,* 119 id. 414.   Both where
a default has occurred and where there has been no
default this power exists.   Code Civ. Pro. §§ 723, 724.
Relief may be afforded where the name of a party is
erroneously inserted (*Weston* v. *Citizens National
Bank,* 88 App. Div. 330); where greater relief has been

granted than is warranted by the decision (*Fischer* v. *Blank,* 138 N. Y. 244, 669); where the words " on the merits " have been erroneously inserted in the judgment (*Clark* v. *Scovill,* 198 id. 279); for an error in fact, as for instance where the defendant was at the time of the entry of the judgment an infant (*Peck* v. *Coler,* 20 Hun, 534); for fraud (*Hurlbut* v. *Coman,* 43 id. 586); for want of jurisdiction where a party has not been served (*White* v. *Coulter,* 59 N. Y. 629) and generally " for sufficient reason, in the furtherance of justice." *Ladd* v. *Stevenson,* 112 N. Y. 325; *Vanderbilt* v. *Schreyer,* 81 id. 646; *Wood* v. *Wesley,* 75 Misc. Rep. 521. The irregularity or mistake claimed to exist in this case is clearly one against which the court may relieve the defendant. The action was brought to establish a trust and for an accounting. On the trial the parties were limited to the issue of the trust relation, but the decision and the judgment contain matters properly determinable on the accounting, and which were not litigated on the trial. In this respect the decision and the judgment exceed the issue that was tried and the defendant on this motion is entitled to have them corrected so as to conform to the issue which was tried. The judgment and findings, therefore, should be vacated and set aside. New requests should be filed and new findings should be prepared and settled, if not agreed to, upon motion by the court. Requests and findings should be confined to the issue of the trust relationship to the exclusion of all matters and issues properly cognizable on an accounting. The motion by the plaintiff for judgment should be denied and a stay of all proceedings should be granted until the entry of the judgment hereunder and service of notice thereof.

Ordered accordingly.