WILLIAM J. LADD, Appellant, *v.* ANNA L. STEVENSON, as Administratrix, etc., et al., Impleaded, etc., Respondents.

In March, 1878, the defendant W. entered into an agreement in writing for the payment of a loan in installments, and in a certain contingency mentioned, to give "satisfactory security for the repayment of said loan by installments above mentioned, or to pay the same forthwith in cash." It was not stipulated that the security should be on real estate or what kind of security should be given. The contingency having happened in May, 1878, plaintiff caused the agreement to be recorded as a mortgage and commenced this action against W., alleging in his complaint the execution of the agreement, a failure to pay the entire loan or to give security therefor, and that it was the intention and purpose of the agreement that defendant should mortgage to plaintiff certain real estate mentioned. The relief demanded was that W. should specifically perform his agreement and execute a mortgage upon said premises; also a judgment of foreclosure and sale. On the same day plaintiff filed a notice of the pendency of the action, in which he stated the object of the action substantially as in the complaint and described the premises to be affected. In January, 1879, W. answered, denying any breach of the agreement and setting up various payments. No steps were taken in the trial of the issue until February, 1884, when the trial was had. At that time W. had no personal interest in the real estate and was insolvent. He directed his attorneys to let the case go by default, but this they did not do. In January, 1885, a judgment was entered granting the relief sought and directing a sale. On April 15, 1885, plaintiff, in pursuance of the judgment, advertised the property for sale. In June, 1879, an action for the partition of the same real estate was commenced in which W. was

a party, but the plaintiff herein was not. A judgment of sale was rendered and in 1881 the property was sold thereunder to S. W.'s share of the money received was used to pay off a mortgage which was prior to the contract in suit. In 1882 S. conveyed said premises by full covenant deed, and his grantee in 1883 conveyed them by full covenant deed to the defendants G. In March, 1885, the administratrix of S. moved to be made a party defendant herein, also that the judgment be vacated, set aside or modified and that she be permitted to defend, and in April, 1885, the defendants G. made a like application. Both applications were granted and they appeared and answered. Upon the trial of the issues made by these answers plaintiff was defeated on the merits and his complaint dismissed. He then appealed from the order allowing the defendants S. and G. to come in and defend and also from the judgment. *Held,* that the court had power in the exercise of its discretion to grant the order; that under the Code of Civil Procedure (§ 452) said defendants were properly made parties.

The whole power of the court to relieve from judgments taken through "mistake, inadvertence, surprise or excusable neglect" is not limited by the provision of the Code of Civil Procedure (§ 724) authorizing this to be done "at any time within one year after notice," but in the exercise of its control over its judgments it may open them upon the application of anyone for sufficient reason in the furtherance of justice. This power does not depend upon any statute, but is inherent.

(Argued January 14, 1889; decided January 29, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 2, 1887, which affirmed a judgment dismissing plaintiff's complaint, entered upon a decision of the court on trial without a jury. (Reported below, 43 Hun, 541.)

On or about the first day of March 1878, the defendant Willett agreed, in writing, to repay to the plaintiff a loan of $12,500, in equal monthly installments, and in a certain contingency mentioned "to give said Ladd satisfactory security for the repayment of said loan by installments above mentioned, or to pay the same forthwith in cash." The contingency upon which the security was to be given happened. The agreement contained nothing showing what kind of security was to be given, and there was no written stipulation to give security upon real estate. On the 22d day of May, 1878, the plaintiff caused the agreement to be recorded as a mortgage in the office

of the register of the city and county of New York, and on the next day commenced this action in the Supreme Court against Willett, alleging in his complaint the execution of the agreement, that the defendant had failed to repay the entire loan, or to give satisfactory or any security for the repayment of the same; and that it was the intention and purpose of the agreement that the defendant should mortgage to the plaintiff all his right, title and interest in certain real estate mentioned in the complaint, and demanding judgment that he specifically perform the agreement and execute a mortgage upon the real estate mentioned for the repayment of the loan, with interest; and that he and all persons claiming under him subsequent to the commencement of the action be barred and foreclosed of all right, claim, lien or equity of redemption in the premises, and that the premises be decreed to be sold according to law, and out of the proceeds of such sale the plaintiff be paid the sum of $12,500, with interest thereon, besides costs. On the same day he filed a notice of the pendency of the action in which it was stated that the object of the action was to obtain judgment against Willett that he " specifically perform the said agreement, and that he execute a mortgage upon the following described real estate and property for the repayment of $12,500, with interest by installments, as specified in said contract, and that the premises in said county to be affected herein are described as follows." Then follows a description of twenty pieces of real estate in the city of New York.

In January, 1879, Willett answered the complaint, denying any breach of the agreement, and setting up various payments on account. No steps were taken in the trial of the issues thereafter until February, 1884, when the cause was tried. Willett at that time had no personal interest in the real estate, as he had disposed of all his property and was insolvent, and he actually directed his attorneys to let the case go by default, but this they did not do. Some months later the trial judge decided the case in favor of the plaintiff, and on January 15, 1885, judgment was entered upon his decision, directing the sale of the real estate in question for the purpose of satisfy-

ing the amount due under the agreement above mentioned, besides costs; and on the 15th day of April, 1885, in pursuance of that judgment the plaintiff advertised the property for sale. Between May, 1878, and February, 1884, an action was brought for the partition of the same real estate in the city of New York, and notice of the pendency of that action was filed June 9, 1879. Willett was a party to that action, but Ladd was not. The action was carried to judgment and sale, and in 1881 the property was conveyed by referee's deed to Vernon K. Stevenson. Willett's share of the money received by the referee went to pay off a $20,000 mortgage which was prior to plaintiff's contract. In 1882 Stevenson conveyed the same premises by a full covenant deed to Samuel Glover, and in 1883 Glover conveyed them by full covenant deed to the defendants, Goelet, who are now the owners thereof. On the 28th day of March, 1885, Anna L. Stevenson, as the administratrix of Vernon K. Stevenson, who had died, presented a petition to the court asking to be made a party defendant in the action, and that the judgment in the action be vacated, set aside or modified, and that she be permitted to defend. On the 4th of April, 1885, the defendants, Goelet, made a like application to the court. Both applications were granted and they were permitted to appear and answer the complaint. Upon the trial of the issues made by the answers of these defendants the plaintiff was defeated upon the merits and his complaint was dismissed. Thereupon he appealed from the order setting aside his former judgment and allowing Mrs. Stevenson and the Goelets to come in and defend, and also from the judgment to the General Term where the order and judgment were affirmed, and then he appealed from the order and judgment of the General Term to this court.

*Frederick P. Forster* for appellant. The prayer of the complaint for judgment of foreclosure and sale, which was granted, controls the statement in the *lis pendens* that the object of the action was for specific performance,

and the defendants are therefore bound by the judgment rendered. (*Mills* v. *Bliss,* 55 N. Y. 142 ; *Murray* v. *Ballou,* 1 J. C. R. 566 ; *Kindberg* v. *Freedman.* 39 Hun, 467 ; *Parks* v. *Jackson,* 11 Wend. 451 ; *Fuller* v. *Scribner,* 76.N. Y. 190 ; *Spencer* v. *Berdell,* 45 Hun, 179 ; 8 Paige, 189; *Wehy* v. *Boylan,* 62 How. Pr. 72 ; *Weeks* v. *Tornes,* 16 Hun, 349 ; 76 N. Y. 601; *Leitch* v. *Wells,* 48 id. 585 ; *McPherson* v. *Rollins,* 107 id. 322 ; *Ellis* v. *Horrman,* 90 id. 473 ; *Read* v. *Gannon,* 50 id. 345 ; *Baker* v. *Bliss,* 39 id. 70 ; *Williamson* v. *Brown,* 15 id. 354.)   The proper way of enforcing a lien is by a judgment of foreclosure and sale. (*Perry* v. *Board of Missions,* 102 N. Y. 106 ; *Benedict* v. *Benedict,* 85 id. 625, 626 ; *Burdict* v. *Jackson,* 7 Hun, 490.)   The judgment and order are void, as the Supreme Court has no statutory power to set aside a judgment rendered after a fair trial, to allow purchasers with notice, *pendente lite,* to try the case over again. (*Gere* v. *Gundlach,* 57 Barb. 13 ; *Jacobs* v. *Burgwyn,* 63 N. C. 196 ; *Durant* v. *Abendroth,* 43 Supr. Ct. 15 ; *Van Dolson* v. *Abendroth,* 53 id. 35 ; 101 N. Y. 641 ; *Clapp* v. *Hawley,* 97 id. 610 ; *Wait* v. *Van Allen,* 22 id. 319 ; *Humphrey* v. *Chamberlain,* 11 id. 319 ; *Whitney* v. *Townsend,* 7 Hun, 233.)   The court has no inherent power. (*Vanderbilt* v. *Schreyer,* 81 N. Y. 646 ; *Alling* v. *Fahy,* 70 id. 571 ; *Dinsmore* v. *Adams,* 5 Hun, 149 ; *S. O. Co.* v. *Hubbell,* 76 N. Y. 543 ; *Hatch* v. *C. Nat. Bk.,* 78 id. 487; *Kamp* v. *Kamp,* 59 id. 212, 215, 216 ; *Fisher* v. *Hepburn,* 48 id. 41 ; *Dana* v. *Howe,* 13 id. 306 ; *In re Livingston,* 34 id. 556 ; *McLean* v. *Stewart,* 14 Hun, 476.)   Under the Code, judgments on the merits cannot be set aside by motion.   Appeal or rehearing before the judge who tried the case is the remedy. (*Douglas* v. *Reilly,* 8 Hun, 85 ; *Prentiss* v. *Machado,* 2 Robt. 660 ; *Rockwell* v. *Carpenter,* 25 Hun, 530 ; *Schaettler* v. *Gardner,* 47 N. Y. 404 ; *Lillie* v. *Sherman,* 39 How. Pr. 288 ; *Stevens* v. *Veriane,* 2 Lans. 92, 93 ; *Knapp* v. *Post,* 10 Hun, 35 ; *Ray* v. *Connor,* 3 Edw. Ch. 478 ; *Goodhue* v. *Churchman,* 1 Barb. Ch. 596 ; *Clark* v. *Hall,* 7 Paige, 382 ; *People*

v. *Ingersoll*, 58 N. Y. 10; *Mason* v. *Jones*, 3 id. 375; *Miller* v. *Tyler*, 58 id. 478.) The court had no power to vacate the judgment to allow Stevenson and the Goelets to defend. (*Stillwell* v. *Carpenter*, 59 N. Y. 423; *Smith* v. *Smith*, 79 id. 634; *People* v. *A. & V. R. R. Co.*, 15 Hun, 126.) The order and judgment, being made without jurisdiction, are void. (*Munger* v. *Shannon*, 61 N. Y. 252; *Kamp* v. *Kamp*, 59 id. 215, 216; *Garcie* v. *Sheldon*, 3 Barb. 232; *Latham* v. *Edgerton*, 9 Cow. 227; *Miller* v. *Martin*, 19 Johns. 33; *Borden* v. *Fitch*, 15 id. 141.) If the order is one resting in the discretion of the Supreme Court, it is only appealable with the final judgment. (Code, § 190, subds. 1, 2; *Victory* v. *Blood*, 93 N. Y. 650; *Dinsmore* v. *Adams*, 66 id. 618.) Mrs. Stevenson, as administratrix, has no interest in the controversy, and it was error to allow her to be brought in to recover costs of the plaintiff. (*Newman* v. *Marvin*, 12 Hun, 237; *People* v. *A. & V. R. R. Co.*, 15 id. 126.) An agreement creating an interest in land, which does not mention the land at all, will be enforced, if there is a parol agreement that land shall be conveyed which is partly performed. (*Wiswall* v. *Hall*, 3 Paige, 313; *Smith* v. *Underdunck*, 1 Sandf. Ch. 579; *Richmond* v. *Foote*, 3 Lans. 244; *Webster* v. *Zielly*, 52 Barb. 482; *Allis* v. *Reed*, 45 N. Y. 150; *Peck* v. *Vandemark*, 99 N. Y. 29; *Johnson* v. *Brooks*, 93 id. 343; *Ryan* v. *Dox*, 34 id. 311; *Wheeler* v. *Reynolds*, 66 id. 232.) As Ladd's lien on the other real estate can never be restored, his surrender of it is a sufficient consideration. (*Lowery* v. *Tew*, 3 Barb. Ch. 407; *Freeman* v. *Freeman*, 43 N. Y. 34.) In view of the acts of performance by both parties, it was competent to prove an oral agreement which had been performed by plaintiff, and on the faith of which he had acted, and would be greatly injured if he was not allowed to prove it. (*Beardsley* v. *Duntley*, 69 N. Y. 577; *Richmond* v. *Foote*, 3 Lans. 244; *Wiswall* v. *Hall*, 3 Paige, 313; *Smith* v. *Underdunck*, 1 Sandf. Ch. 579; *Chapin* v. *Dobson*, 78 N.Y. 74; *Hope* v. *Balen*, 58 id. 380.) Parol evidence, to identify the subject-matter of a contract, which, unexplained,

would be void for uncertainty, is competent. (*Dana* v. *Fied-- ler*, 1 E. D. Smith, 463, 464, 479; 12 N. Y. 40; *Sale* v. *Darragh*, 2 Hilton, 197; *Salmon Falls Mfg. Co.* v. *Goddard*, 14 How. [U. S.] 447.)

*E. Ellery Anderson* for respondent. The contract, as plaintiff seeks to enforce it, is within the statute of frauds. (3 R. S. [Banks Bros. 7th ed.] 2326, § 6.) A contract, required by the statute of frauds to be in writing, cannot be partly in writing and partly by parol. (*Wright* v. *Weeks*, 25 N. Y. 153; *Foot* v. *Webb*, 59 Barb. 38; *Mehl* v. *Von Der Wulbeke*, 2 Lans. 267; Willard's Eq. Jur. 282; *Abeel* v. *Radcliff*, 13 Johns. 296; *Jones* v. *Andreas*, 28 Week. Dig. 206.) A *lis pendens* is only effectual if the complaint be filed, and its effect is limited to the cause of action stated in the complaint. (Code, § 1670.) The court has power, both by its inherent jurisdiction and by force of section 724 of the Code, to set aside judgments, findings, verdicts, executions and other proceedings in every case where there is reason to believe that the party applying has been surprised or has been put in peril of the loss of a hearing. (*Vanderbilt* v. *Schreyer*, 81 N. Y. 646, 648; *People* v. *Hektograph Co.*, 10 Abb. N. C. 358; *Dinsmore* v. *Adams*, 5 Hun, 149; *Alling* v. *Fahy*, 70 N. Y. 571; *Hatch* v. *Nat. Bk.*, 78 id. 487; *Dietz* v. *Farish*, 43 Super. Ct. 87; *Jewett* v. *Crane*, 35 Barb. 208; *O'Neil* v. *Hoover*, 17 Week. Dig. 354.)·

EARL, J. The court had the power, in the exercise of its discretion, to set aside the judgment entered in favor of the plaintiff after the first trial, and to permit the three defendants, Stevenson and the Goelets, to appear and answer. Mrs. Stevenson, as the administratrix of her husband's estate, was interested to the full amount of plaintiff's claim, for in case he could enforce his judgment against the real estate she, as administratrix, was liable to the Goelets upon the covenants contained in her husband's deed and the bond of indemnity given by him to the Goelets; and the Goelets were interested

in the real estate in consequence of their purchase of the same and their ownership thereof. Therefore, under section 452 of the Code, it was proper that they should be made parties defendant. And, notwithstanding section 724 of the Code, the court had the power to set aside the judgment and allow them to come in and defend. (*Dinsmore* v. *Adams*, 5 Hun, 149 ; *Alling* v. *Fahy*, 70 N. Y. 571 ; *Hatch* v. *Central Nat. Bank*, 78 id. 487 ; *Vanderbilt* v. *Schreyer*, 81 id. 646 ; *O'Neil* v. *Hoover*, 17 Week. Dig. 354.)

In consequence of the filing of the notice of the pendency of this action, the first judgment bound these defendants as if they were parties to the action. Persons thus situated bear such a relation to the action that they could not only claim to be made parties during the pendency of the action, but they can also move the court and be heard in reference. to any judgment rendered therein affecting their rights. The whole power of the court to relieve from judgments taken through " mistake, inadvertence, surprise or excusable neglect," is not limited by section 724; but in the exercise of its control over its judgments it may open them upon the application of anyone for sufficient reason, in the furtherance of justice. Its power to do so does not depend upon any statute, but is inherent, and it would be quite unfortunate if it did not possess it to the fullest extent.

The present judgment is right upon the merits. The plaintiff had no written stipulation giving or agreeing to give him a lien upon real estate. If he had any agreement for a lien upon this real estate, it all rested in parol, and there was no part performance and no ground whatever authorizing the maintenance of the action.

The order and judgment appealed from should, therefore, be affirmed, with costs.

All concur.

Ordered accordingly.