(5 Misc. Rep. 358.)

LORZING v. EISENBERG et al.

(City Court of New York, General Term. October 20, 1893.)

DEFAULT—OPENING—LACHES.

An application to open a default, made in good faith, and showing a meritorious defense, should not be denied, for laches, where made within

two months of entry of judgment; Code Civil Proc. § 724, authorizing the court, in its discretion, at any time within a year after notice thereof, to relieve a party from a judgment.

Appeal from special term.

Argued before FITZSIMONS and McCARTHY, JJ.

Fromme Bros., for appellants.

William H. Regan, for respondent.

McCARTHY, J.    This is an appeal from an order denying a motion to open a default, and the question is whether, from all the facts presented, the application was in good faith, and whether the defendants presented a meritorious defense, and whether any injustice may be done by such denial. It appears that the judgment was taken in April, 1893, but that, the judgment being imperfect, a corrected judgment was entered in May, 1893.    On June 10, 1893, a motion was made to open the default, the ground of which appears in the affidavits.    The motion was denied on the ground of laches.    This was not, in our judgment, an unreasonable delay in seeking to open this default and set aside the judgment, if the application was in good faith, and there was merit in the defense.    See Code Civil Proc. § 724.[1]    Earl, J. in Ladd v. Stevenson, 112 N. Y. 325, 19 N. E. Rep. 842, says:

"But, in the exercise of its control over its judgments, it may open them, upon the application of any one, for sufficient reason, in the furtherance of justice. Its power to do so does not depend upon any statute, but it is inherent, and it would be quite unfortunate if it did not possess it to the fullest extent."

The application was certainly made in good faith, since the actual engagement of counsel in an important litigation at the time was not denied.    Besides, if the defense and counterclaim set forth in the answer can be proved, it seems to me the plaintiff is not entitled to recover, and therefore should not have a judgment against the defendants until after a fair and impartial trial. We think, under these circumstances, a great injustice would be done; and, while it is the desire to sustain the discretionary powers of the court, yet, where there is an apparent good faith, the court will not act arbitrarily, but will give the fullest and fairest opportunity to dispose of the issues involved.    We think, therefore, that the default should have been opened upon payment of $40 costs, and the disbursements in entering the judgment, and $10 costs of the motion to open such default.    The order is therefore reversed, without costs or disbursements, and the default opened, and the cause restored to calendar for trial,—part 4,—for Monday, November 6, 1893, on payment by defendants of the $40 costs and

[1] Code Civil Proc. § 724, provides that the court may, in its discretion, and on such terms as justice requires, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect.

disbursements, and the $10 costs above set forth; the defendants also stipulating to try the cause on that day, and that otherwise judgment absolute shall be entered against them; such stipulation to be filed by the appellants with the clerk of this court within two days of the entry of this order.