HATCH J.
The property affected by this order was originally owned by the grandfather of the plaintiff, who devised a life estate in the same to his son, William H. Furman, the father of the plaintiff, with remainder over to his issue. William H. Furman had five children, and each child took an undivided one-fifth interest in the property, subject to the life estate of William. In 1870 the latter proposed to the children that the property be partitioned, and this was assented to upon the understanding that there should be no sale of the property, but that it should be divided so that each would have his interest immediately available for a favorable market when a sale could be effected if the parties so desired. Confidence was reposed in the father by the children, and he was given exclusive management and control of the partition action. It was claimed that, instead of having the property divided, he procured to be entered a judgment of sale of the-property, and the appointment of a referee to sell. Upon the. property being advertised for sale, this condition was discovered by the plaintiff, who in August, 1877, procured an order to show cause why the judgment should not be set aside and vacated, and the action discontinued. This step resulted in au order of reference to Thomas S. Moore to determine the costs to which the respective parties were entitled, and, upon and being so determined and paid, the judgment was to be set asido the suit discontinued. While the partition action was pending, Victor B. W. Furman, one of the sons of William, died, and Minnie W. Furman, how Braun, one of present appellants, claiming to be the lawful issue of Victor, was brought in as a party defendant, and was adjudged to be the daughter of Victor, and entitled to share in the property. From the order vacating the judgment the said Minnie and William H. Furman appealed—the. former through her guardian ad litem—to the general term of the *538 .sunreme court, where the order was affirmed. Furman v. Furman12 Hun, 441. Thereafter, and in May, 1879, all of the remainder, men except Mrs. Braun consented to an order, which was entered, vacating the judgment, and discontinuing the action without costs. Tire costs of the guardian ad litem not having been taxed under the former order, and Moore declining to act, another reference was ordered. Upon the coming in of the report'of the referee the court fixed the costs of the guardian at $95, and ordered that upon payment of the same the judgment should be vacated and the action discontinued. It does not affirmatively appear that this order was •complied with by the payment of the costs. It is now claimed that this judgment is in full force and vitality as to Minnie W. Braun, •and is res adjudicata of her legitimacy, and that the court has not the power, or if it has, ought not to exercise it in the disturbance ■of so grave and important a matter. It is further claimed that Mr. Towns, who has succeeded to some of the rights of Mrs. Braun, is improperly brought in as a party to this motion, and that his rights, cannot be disturbed or affected in this summary manner. It is clear that the court discontinued the action, contingent upon payment of costs. And the court, upon appeal, confirmed that decision. Without regard, therefore, to whatever lights were established by the judgment, or of the reasons which were assigned for the court’s action, that decision is res adjudicata; and upon compliance with the terms of the order all rights established by the judgment, however grave, were wiped out. As to all the remainder-men except Mrs. Braun, the judgment was annulled by affirmative -order, and all of the parties, including Mrs. Braun, have, by their acts; consistently asserted that the action was discontinued. If the judgment was to stand as to Mrs. Braun, then her rights in and to the property were definitely and affirmatively settled by the adjudication, and needed no further steps to make them effective, except by use of the remedy of enforcement. She, however, evidently understood that the judgment was no longer of validity as to her ; for in October, 1895, she and Towns, who claims under her, brought .an action for partition of the same premises,—an entirely unnecessary action, if the former judgment stood undisturbed. We think that this act upon her part is sufficient to raise the presumption that the order of discontinuance was complied with. Such presumption is still further strengthened by the action of the other remainder-men in entering the order of discontinuance, and the acts of all the parties in treating the judgment as annulled. Nearly all of the attorneys who appeared in or were connected with the action up to the order of discontinuance are now dead. And the costs could have been paid under the order of the court, and no record made of it; nor would it necessarily appear, unless formal order was entered reciting it. That no attempt wras ever made to enforce the judgment or other remedy resorted'to by the guardian to collect his costs is a strong circumstance in favor of the presumption, created by the action of Mrs. Braun, that the costs were paid and the ■order complied with. Nothing which appears in opposition to the motion tends in the slightest degree to overcome this presumption, Jior is explanation offered why Mrs. Braun and Towns commenced *539 their parlition action IE they intended to claim under the judg ment There can be no question of the power of the court to malte the order appealed from, or to grant relief upon motion, whether the application be treated as in aid of the former order, or as an orginal application. Ladd v. Stevenson, 112 N. Y. 325, 20 S. R. 746; Vanderbuilt v. Schreyver, 81 N. Y. 646; Beards v. Wheeler, 76 N. Y. 213. So far as Towns is concerned, he -cannot be prejudiced by the order which has been made. He was mot a party to the action, and upon a trial he can now assert any right of which he is possessed.
We think the order appealed from correct. It should therefore be affirmed, with $10 costs and disbursements.
All concur.