### In re BLACKWELL et al.

(Supreme Court, Appellate Division, First Department. February 23, 1900.)

JUDGMENT—APPLICATION FOR RELIEF—MISTAKE.

> Under Code Civ. Proc. § 724, which empowers courts at any time within a year to relieve a party from a judgment, order, etc., taken against him through his "mistake, inadvertence, surprise, or excusable neglect," an application to be relieved from an order upon such grounds is an original proceeding, and the previous disposition by the court of the merits of the controversy resulting in the order does not control the right to make the application for relief, and preliminary objections to such an application, that a reargument and resettlement of the motion upon which the order was made had been denied, are without merit.

Appeal from special term.

Application by William W. Farmer to be relieved from an order entered on the application of Francis O. Blackwell and others, claim-

ing to be directors of the A. D. Farmer & Son Type-Founding Company, as one taken against him through his mistake, etc. From an order denying application, said Farmer appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, McLAUGHLIN, and PATTERSON, JJ.

Herman Aaron, for appellant.

Edward F. Dwight, for respondents.

PATTERSON, J. This appeal is from an order sustaining preliminary objections to a motion made by the appellant, William W. Farmer. It is recited in the order that a preliminary objection having been made to the hearing or granting of the present motion, upon the ground that it appears that the object of the said motion is to obtain an order vacating and setting aside a certain order granted by Mr. Justice BEACH and entered herein on the 27th day of June, 1899, "and to obtain a rehearing or a reargument of the matters presented to and considered by Mr. Justice BEACH upon the argument of the motion upon which said order of June 27th was granted, and upon the ground that it appears that a motion to vacate and set aside and modify the said order of June 27th, and for a reargument or a rehearing of the matters presented to and considered by Mr. Justice BEACH, has already been made before Mr. Justice BEACH, and has been denied by an order entered herein on the 27th of June, 1899, and upon the ground that the motion to vacate and set aside and modify said order of June 27th, or for such a rehearing or reargument of the matters presented to and considered by Mr. Justice BEACH, upon the argument of the motion upon which said order was granted, cannot be made at a special term presided over by another justice," therefore it is "ordered that the said preliminary objections be sustained, and that the said motion be, and the same hereby is, wholly denied, without prejudice to the merits." It is shown in the record before us that Francis O. Blackwell, George N. Morison, and George W. Oakley, claiming to have been elected directors of the A. D. Farmer & Son Type-Founding Company, presented a petition to the supreme court, under the authority of section 25 of the general corporation law, and prayed to have their election as directors of such company established, and to compel the delivery of the assets of the company, and the premises upon which its business was conducted, to them as directors, and to restrain William W. Farmer and others, who had theretofore been directors, from acting as such, or from interfering with the corporate property. The proceeding was initiated by an order to show cause based upon the petition. That order was made returnable in the supreme court. On the 16th day of June, 1899, the matter came on to be heard before Mr. Justice BEACH. Affidavits in opposition were submitted on behalf of Farmer, and on the 22d of June and on the 27th of June, 1899, an order was entered granting in all respects the prayer of the petitioners. Subsequently, and on the 11th of July, 1899, Farmer made a motion before Mr. Justice BEACH for a resettlement of the order of June 27th. On the 22d

of July an order denying that motion for a resettlement was entered. On the 21st of July, 1899 (the day before the order denying the motion for a resettlement was entered), William W. Farmer procured an order to show cause (returnable on the 26th of July) why he should not be relieved from the order dated June 27, 1899, on the ground that the same "was taken against him through mistake, inadvertence, surprise, or excusable neglect, and why said order should not be vacated and set aside, and the application herein made by the applicants be denied, and why said William W. Farmer should not have such other and further relief in the premises as may be meet." That order to show cause was granted upon affidavits of William W. Farmer and several other affiants. These several affidavits contained allegations of facts relied upon to show specific reasons for the exercise of the power of the court to relieve Mr. Farmer from the order of June 27th, and as entitling him to a reconsideration of the matters determined and disposed of by that order of June 27th. Counter affidavits were presented. On the return of the order to show cause, the preliminary objection was taken, with the result above indicated.

We are of the opinion that the order sustaining the preliminary injunction was made under a misapprehension of the exact status of the motion as it came before the learned justice who made the order appealed from. If the motion had been confined to an application for a rehearing of a motion which had already been decided, the objection would properly have been sustained, leave to renew not having been granted by the court (not necessarily by the judge who heard the original application). But this motion was in part an independent proceeding, addressed to the supreme court under the authority of a specific provision of the Code of Civil Procedure. It was an application to be relieved from the order of June 27th, as one taken against Farmer through mistake, inadvertence, surprise, or excusable neglect. The right to make such a motion did not depend upon the permission of a justice of the supreme court. It was necessarily founded upon matters extrinsic to the merits of the proceeding which had been passed upon and determined by Mr. Justice BEACH. Section 724 of the Code of Civil Procedure empowers the court, in its discretion and upon such terms as justice may require, at any time within a year, to relieve a party from a judgment, order, or other proceeding taken against him through his "mistake, inadvertence, surprise or excusable neglect." An application for that relief is an independent and original proceeding, addressed purely to the discretion of the court. The original inquiry before the court is whether "mistake, inadvertence, surprise or excusable neglect" exists so as to entitle an applicant to the relief authorized by the section of the Code cited. The disposition previously made by the court of the merits of the controversy resulting in the judgment or order does not control the right to make the application for relief, however important and pertinent it may be when the merits of that application come to be passed upon. We are therefore of the opinion that this motion should have been heard so far as it related to relief, on the grounds specified, from the order

of June 27th.   We express no opinion as to the merits, but merely decide that the preliminary objection should have been overruled, and that the order must be reversed, and the motion remitted to the special term to be heard on the merits, with $10 costs and disbursements of this appeal to the appellant.   All concur.