general business books of the corporation, but should first examine the officers thereof, and ascertain what books or accounts were kept which might prove such agreement, and what books or accounts would throw light on the unauthorized issue of stock.

Appeal from Special Term, New York County.

Action by Ulysses B. Brewster and another, administrators of Frederick G. Brewster, deceased, against Joseph Hartog and others. From an order granting an inspection of the books of defendant corporation, defendants appeal. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Robert R. Reed, for appellants.
John B. Doyle, for respondents.

PER CURIAM. It cannot be necessary for the plaintiffs to inspect all of the general business books of the defendant corporation for the purpose of ascertaining whether there was any agreement between plaintiff's intestate, Frederick G. Brewster, and the defendant Hartog as to equal control of the corporation, or as to whether the issue of stock putting control of the corporation in defendants was authorized or not. The order is very sweeping in its terms and we think was unauthorized. It would be much better practice for the plaintiffs to examine the officers of the corporation, and thus ascertain what books or accounts were kept which might tend to prove an agreement of equal control, or a course of dealing tending to show that such an agreement existed, and what books or accounts throw light upon the alleged unauthorized issue of stock, and then obtain an order for the inspection of such books as are shown to be material. It would appear that the defendants had offered inspection of books of this character prior to the obtaining of the present order

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, without prejudice, however, to renewal as to specific books and accounts shown to be material.

---

AMERICAN PIN CO. v. TEPFER.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

1. APPEAL AND ERROR—DISCRETION OF LOWER COURT—VACATING JUDGMENT.

The Appellate Division, ordinarily, will not be disposed to review the exercise by the Special Term of its discretion on a motion to vacate a default judgment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3823.]

2. JUDGMENT—DEFAULT—VACATION.

Where, on motion to vacate a default judgment, defendant made no effort to show that he had any defense or ground for the claim embraced in his counterclaim, and plaintiff exhibited numerous letters from defendant acknowledging the indebtedness, giving excuses for nonpayment, and asking for time, and defendant's attorney appeared to have taken no steps to ascertain when the cause would appear on the calendar, or to have an appearance for defendant when it did so appear and the whole

history of the case suggested merely an effort to stave off judgment as long as possible, it was error to vacate the same.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 292–295.]

Appeal from Special Term.

Action by the American Pin Company against Samuel Tepfer. After rendition of a default judgment against defendant, an order was made granting a motion to vacate the same, and plaintiff appeals. Reversed, and motion to open default denied.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

· Henry W. Sykes, for appellant.
David W. Rockmore, for respondent.

SCOTT, J. The plaintiff appeals from an order granting defendant's motion to open a default and restore the cause to the calendar. Such a motion is addressed to the discretion of the court, and ordinarily we should not be disposed to review the exercise by the Special Term of its discretion in such a matter. The circumstances described by the papers are, however, unusual. The action is for goods sold and delivered between September 1, 1907, and December 1, 1907. The answer contains a denial of the allegations respecting sale, delivery, and nonpayment. Then follows what the pleader evidently considered a defense, but which is manifestly insufficient in law. There is also a counterclaim for damages for the alleged imperfection of the goods sold by plaintiff to defendant within the dates mentioned in the complaint; the damages claimed amounting to more than three times the price for which the goods were sold. To this counterclaim the plaintiff has replied with a general denial.

The defendant makes no effort to show that he has in fact any defense to the action, or any ground for the claim embraced in his counterclaim. On the other hand, the plaintiff exhibits numerous letters from defendant acknowledging the indebtedness, giving excuses for nonpayment, and begging for time. In none of these letters is there a hint or suggestion of any such claim in behalf of defendant against plaintiff as is set up in the answer. These letters, coupled with the complete omission of the defendant to sustain his denials and allegations, compel the conclusion that the answer was interposed solely for the purpose of delay. The excuse for suffering the default is also unsatisfactory. The cause was moved onto the short calendar, and the order so placing it, together with a notice to produce certain papers on the trial, was served on plaintiff's attorney on May 16, 1906. The cause was reached for trial on May 19, 1908, and an inquest taken. The attorney seems to have taken no steps to ascertain when the cause would appear on the calendar, or to have an appearance on the part of defendant when it did so appear. The whole history of the case suggests merely an effort to stave off judgment as long as possible, of which effort the suffering of a default was probably a part; the defendant hoping that his default would be excused upon terms involving the payment of only a moderate amount of costs.

The order appealed from is reversed, with $10 costs and disbursements, and the motion to open the default denied, with $10 costs. All concur.

