## MARTIN v. MARTIN.

(Supreme Court, Appellate Division, First Department.	June 3, 1910.)

DIVORCE (§§ 164, 303*)—JUDGMENT—MODIFICATION—POWER OF COURT.

The court, under its inherent power and under Code Civ. Proc. § 1771, as amended, authorizing the court to amend a judgment of divorce, by modifying or inserting directions for the custody of the children of the parties, may amend an interlocutory decree of divorce, and final judgment, as to the date of the marriage and the custody of a child of the parties, so as to make them conform to the decision of the court, fixing the date of the marriage and awarding the custody of the child to the wife.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 533–540, 793, 795; Dec. Dig. §§ 164, 303.*]

Appeal from Special Term, New York County.

Action by Harriet Evelyn Martin against Samuel McCauley Martin. From an order denying a motion to amend the interlocutory decree and final judgment, plaintiff appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Epstein Bros. (Alfred Epstein, of counsel), for appellant.

CLARKE, J. This was an action for divorce. An answer was interposed, but the defendant did not appear upon the trial at Special Term. The complaint alleged the date of the marriage to be the 30th of June, 1897, and, inter alia, asked that the plaintiff be awarded the custody of the only child of the marriage, a daughter six years old. The learned court rendered his decision in writing June 18, 1907. He found the date of the marriage as the 30th day of June, 1897; that the plaintiff was a proper custodian and guardian for the said child; that the plaintiff was entitled to an interlocutory judgment of divorce, dissolving the marriage and awarding to plaintiff the custody of the child, Harriet Evelyn Martin. The interlocutory decree was entered on the 18th of June, 1907, and it properly stated the date of the marriage; but, due as is claimed to the inadvertence of the plaintiff's attorney, it contained no provision awarding the custody of the child to the wife in conformity with the decision. The final decree was entered on the 7th of October, 1907. By an obvious mistake the date of the marriage was put as the 30th of June, 1907, instead of 1897. As in the interlocutory decree, no provision was made for the custody of the child. The plaintiff made a motion to amend the final judgment, by correcting the date of marriage, and, secondly, to amend the interlocutory and the final judgment by awarding the custody of the child to the plaintiff, as demanded in the complaint and provided

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for in the decision. This motion having been denied, the plaintiff appeals.

The amendment of the judgment, to make it conform to the written decision, should have been allowed. The power was inherent in the court. In the Matter of Henderson, 157 N. Y. 423, 52 N. E. 183, the court said:

"All courts, from their very nature and the object of their existence, must possess such inherent power, and the correction of their own records, when affected by such mistake or clerical error, would seem to be about as mild an exercise of such power as could well be imagined. This power is recognized, and perhaps regulated, by various statutes; but it does not proceed from or rest upon statutes, since it would exist without them."

In Ladd v. Stevenson, 112 N. Y. 325, 19 N. E. 842, 8 Am. St. Rep. 748, Earle, J., said:

"The whole power of the court to relieve from judgments taken through mistake, inadvertence, surprise, or excusable neglect, is not limited by section 724 [of the Code] but in the exercise of its control over its judgments it may open them upon the application of any one for sufficient reason in the further-ance of justice. Its power to do so does not depend upon any statute, but is inherent, and it would be quite unfortunate if it did not possess it to the full-est extent."

In Gough v. McFall, 31 App. Div. 578, 52 N. Y. Supp. 221, the court said:

"It was therefore competent for the court to order the judgment amended to conform to the only valid decision which the court had made, and, when amended, it stood as the only judgment in the case, and was authorized by the original decision."

After the entry of this judgment section 1771 of the Code of Civil Procedure, providing for the custody and maintenance of children and support of plaintiff, was amended so as to read:

"The court, may, by order, upon the application of either party to the ac-tion, after due notice to the other to be given in such manner as the court shall prescribe, at any time after final judgment annul, vary or modify such directions or in case no such direction or directions shall have been made, amend it by inserting such direction or directions as justice requires, for the custody, care, education and maintenance of any such child or children in such final judgment or order or orders."

In the case at bar, due notice of the application for the proposed amendment was given, and there was no opposition to the motion. There is here no attempt to affect the pecuniary relations of the parties, by increasing or decreasing the amount of alimony fixed by the judg-ment. It is solely to conform the judgment to the decision in the matter of the custody of the child.

The order appealed from should be reversed, and the motion granted; but, as there has been no opposition, without costs. All concur.