Karl L. Schlimmer, as Administrator, etc., of Kittie Schlimmer, Deceased, Respondent, *v.* New York, Ontario and Western Railroad Company, Appellant.

Third Department, May 6, 1925.

Judgments — action for death under Decedent Estate Law, § 130 — judgment dismissing complaint on default of plaintiff at trial was entered February 21, 1922, and due notice given — notice of present motion to open default was served May 5, 1924 — motion is based on fact that at time of trial plaintiff's then attorney was ill and that defendant would not consent to delay — order granted by Special Term opening default, notwithstanding Civil Practice Act, § 108 — Appellate Division does not determine whether motion must be made within one year — action must be brought under Decedent Estate Law, § 130, within two years — motion should have been denied on ground of undue delay since it was not made until more than two years after default.

In this action to recover damages for the death of plaintiff's intestate, brought under section 130 of the Decedent Estate Law, a default judgment was entered by the defendant on February 21, 1922, on the default of the plaintiff at the

trial, and due notice given to the plaintiff, but the present motion to open the default was not made until May 5, 1924, and is based on the ground that at the time of the trial the plaintiff's then attorney was ill and that the defendant would not consent to delay. This motion comes within section 108 of the Civil Practice Act, providing that the court may, in its discretion and upon such terms as justice requires, at any time within one year after notice thereof, relieve the party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect. The Special Term granted the order, notwithstanding section 108 of the Civil Practice Act. The Appellate Division does not determine whether or not a motion of this kind may under any circumstances be made more than one year after the entry of default judgment.

The order of the Special Term opening default must be reversed on the ground that a delay of more than two years in making the motion to open the default was an undue delay in view of the fact that the action itself must, under the Decedent Estate Law, section 130, be commenced within two years.

APPEAL by the defendant, New York, Ontario and Western Railroad Company, from an order of the Supreme Court, made at the Madison Special Term and entered in the office of the clerk of the county of Madison on the 7th day of July, 1924, opening a default judgment entered in said clerk's office on the 21st day of February, 1922.

*Charles R. Coville,* for the appellant.

*Campbell & Woolsey* [*Albert E. Campbell* of counsel], for the respondent.

VAN KIRK, J.:

Plaintiff's intestate was injured August 19, 1921, in a grade crossing accident. She died the following day. Plaintiff was appointed administrator to bring this action September 26, 1921. With reasonable promptness he employed Samuel I. Siegel, an attorney practicing in New York city, to prosecute the action. Siegel brought the action in November, 1921, in New York county, but the place of trial was changed to Madison county, where the accident occurred and the plaintiff resides. The case was regularly noticed for trial. Upon the failure of the plaintiff to appear the action was dismissed. Judgment thereupon was entered February 21, 1922. Due notice of the entry of the order of dismissal and of the judgment was given February 28, 1922, to plaintiff's attorney. Notice of motion for an order opening the default, dated May 5, 1924, was served, and on May 19, 1924, the order appealed from was granted. The only excuse disclosed for plaintiff's failure to appear was that, at the time the case was noticed for trial, his attorney was sick. The attorney wrote to the defendant's attorney, asking that he permit the case to go to a later term; the defendant's attorney replied that, under the circumstances, he could not consent.

It does not appear that, when the default was taken, plaintiff's attorney was unable to appear, or that he made any effort to be represented at the Trial Term. No affidavit made by Attorney Siegel is presented.

No criticism is directed or is justified against defendant's attorney for taking the dismissal; but the Special Term held that plaintiff should not be deprived of his right to a day in court because his former attorney failed to perform his duty; and expressed the opinion that the court is authorized to vacate this judgment after the lapse of one year, notwithstanding the provisions of section 108 of the Civil Practice Act, citing *Ladd* v. *Stevenson* (112 N. Y. 325); *Vanderbilt* v. *Schreyer* (81 id. 646); *Donnelly* v. *McArdle* (14 App. Div. 217). It has not been attempted to excuse the mistake, inadvertence, surprise or excusable neglect of the plaintiff, through which the default judgment was taken, but rather to excuse the plaintiff from the charge of laches in making his motion. If section 108 of the Civil Practice Act (Code Civ. Proc. § 724) applies and limits the time within which the relief granted could be had, the question of laches after the default is not material. Section 108 is as follows: " Relief against default judgments and orders. The court, in its discretion, and upon such terms as justice requires, at any time within one year after notice thereof, may relieve a party from a judgment, order or other proceeding, taken against him through his mistake, inadvertence, surprise or excusable neglect." That section applies only (1) to judgments or orders taken by default; (2) to such as were taken through mistake, inadvertence, surprise or excusable neglect of the party moving. This motion comes directly within the section. Neither case cited by the trial justice does come within it. In neither case was the judgment or order, relief from which was sought, taken by default. In the *Ladd* case three persons who had an interest in the real estate, which was the subject of the action, had not been made parties, but would be bound by the judgment because of the *lis pendens* filed. The court held that the judgment which affected their rights could be opened on their application; that section 724 of the Code of Civil Procedure did not limit the power of the court to grant this relief. The *Vanderbilt* case was brought to set aside a conveyance on the ground of fraud and deceit; one defendant demurred and judgment was entered against him; it was then claimed that this judgment was binding upon the other defendants; the court opened the judgment for the purpose of permitting the other defendants who were the real parties in interest to have their day in court, holding that the power to open the judgment did not depend upon section 724. The *Donnelly* case was for an accounting

between partners; during the examination of plaintiff at the trial because of some of his admissions, his attorney.became demoralized and abandoned his case. " The court's action was the result of misapprehension." The trial court had the power to grant a new trial, and the one question was laches, and this, two judges dissenting, was resolved in favor of the mover.

One of the expressions in the opinion in the *Ladd* case is often quoted apparently to show that section 108 has no meaning. The expression is as follows: " The whole power of the court to relieve from judgments taken through ' mistake, inadvertence, surprise or excusable neglect,' is not limited by section 724; but in the exercise of its control over its judgments it may open them upon the application of any one for sufficient reason, in the furtherance of justice. Its power to do so does not depend upon any statute, but is inherent, and it would be quite unfortunate if it did not possess it to the fullest extent." There is no doubt about the soundness of this proposition, but it seems to be often misconstrued and misapplied. Certainly the whole power of the court to relieve from judgments taken through mistake, inadvertence, surprise or excusable neglect is not limited by section 108; there are other mistakes than those of parties; also the section does not purport to limit the power, but only the time within which the power may be exercised in the specific class of cases covered by the section. But, if the court meant that the limit in time would be in effect a limit in power, it is in no view a limit of the whole power, but only a limit in the specific cases covered; and we repeat section 724 had no application to the case in which the opinion was written. It cannot be questioned but that the Civil Practice Act does, in certain cases, limit the time within which the court may exercise its control over its judgments. The time of appeal cannot be extended and in some cases relief can be had by appeal only; a motion to set aside a judgment for irregularity must be made within one year after the filing of the judgment roll (Civ. Prac. Act, § 521); a motion to set aside a judgment for error in fact not arising upon the trial must be made (with certain exceptions for disability) within two years (Civ. Prac. Act, § 528); a motion for a new trial on the judge's minutes must be made at the same term at which the case was tried (Civ. Prac. Act, § 549). If the intent of section 108 is to place a limit upon the time within which relief from a default judgment can be had, the defendant is entitled to its protection. The words used in the section are not in the form usual in a Statute of Limitations, but there must have been some reason for the enactment. The reason could not have been to

50

enlarge the powers of the court; it already had control of its judgments. If its purpose is not to limit the time within which such relief may be had upon the grounds stated, we can conceive of no reason for the enactment. It is of interest to observe that we have found no case covered by section 108 (or section 724) in which that section has been held to be or not to be a Statute of Limitations, but in comment it has been recognized as such. (*Prager* v. *Beardsley*, 133 App. Div. 592, 595; *Furman* v. *Furman*, 153 N. Y. 309, 314; *Matter of Blackwell*, 48 App. Div. 230, 232; *Warth* v. *Moore Blind S. & O. Co.*, 125 id. 211; *Atkinson* v. *Abraham*, 78 id. 498; *Deagan* v. *King*, 83 id. 428; *Brenes* v. *Hedges*, 202 id. 665; 1 Rumsey Pr. [2d ed.] 796; 2 id. 748.) In the *Prager* case it was said: " The court, while having discretion to excuse defaults, does not have unlimited discretion. The Code of Civil Procedure (§ 724) states when a default may be excused. It is when the judgment is taken by ' mistake, inadvertence, surprise or excusable neglect.' " There is a difference of opinion in this court whether or not we should hold it to be a Statute of Limitations.

There is, however, another ground for reversal. An action of this kind must be commenced within two years. (Decedent Estate Law, § 130, as added by Laws of 1920, chap. 919.) The plaintiff, having had prompt notice of the entry of judgment dismissing his complaint, thereafter delayed his motion to open the default nearly three years, a period longer than that within which such an action could be commenced. We think the motion was unduly delayed and that the order should be reversed and the motion denied.

All concur.

Order reversed on the law and facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.