JOHN L. WHITE, Appellant, *v.* JAMES O. SEBRING, Respondent, Impleaded with CHESTER H. ASHTON, Defendant.

Fourth Department, March 5. 1930.

*Claude V. Stowell,* for the appellant.

*Sebring & King,* for the respondent.

THOMPSON, J. Plaintiff took defendant Sebring's default. Defendant moved the court in which it was taken to be relieved from it, and the motion was denied on the ground that it was intentional and without excuse. In its memorandum of decision on the motion the court said: " In his moving affidavit defendant does not even show that he has a meritorious defense. That, of course, is necessary to succeed on this motion. Defendant filed a second affidavit in answer to plaintiff's affidavits, which supplies this defect." From the order entered upon this decision defendant appealed to this court, and thereafter, on motion of respondent, the appeal was dismissed for appellant's failure to file and serve printed papers. (224 App. Div. 811.)

The motion we have here was made solely on the ground of newly-discovered evidence. It is not a renewal of the previous motion on additional papers or grounds, nor do the papers contain reference to the papers or proceedings used upon the previous motion, so there is no showing of facts to excuse or explain the default. (Civ. Prac. Act, § 108; *American Pin Co.* v. *Tepfer,* 127 App. Div. 939; *Prager* v. *Beardsley,* 133 id. 592.) In such respect the papers are faulty.

It cannot be said that this is a motion for a new trial upon the ground of newly-discovered evidence, because there has thus far been no trial, the default having been made effective by taking an inquest. One of the tests to be applied in motions for new trials on the ground of newly-discovered evidence is, will the use of the new testimony on another trial change the result? Of course, such a test cannot be used in case of a default, for the issues have not been tried, there being no proofs produced by defendant, and his failure to appear being taken as an admission of the truth of the testimony received.

A party who has sustained a default cannot appeal. (Civ. Prac. Act, § 557, subd. 1; *Strohbeck, Inc.,* v. *Benett's High Arch Shoe*

*Shop, Inc.*, 217 App. Div. 66.) His only remedy is to move to open it. (*Oliver* v. *French*, 80 Hun, 175; *First National Bank* v. *Fleitmann*, 168 App. Div. 75.)

The facts recited in the papers do not form a basis for the granting of the order in this case, but are only directed to the merits of the defense. As already appears, in denying the defendant's first motion the court did not base its decision on that ground; on the contrary, it held that in such respect the papers were sufficient. Moreover, the form of the order conclusively establishes the character of the motion as one to open a default. (Civ. Prac. Act, § 108.)

The motion could not be renewed except upon papers showing additional facts by way of excuse and justification for defendant's default. (*Mugler* v. *Castleton Hotel & Realty Co.*, 168 App. Div. 492; *Platt* v. *N. Y. & Sea Beach R. Co.*, 170 N. Y. 451.)

Neither the facts nor the occasion bring this case within the scope of the inherent power of the court to set aside its judgments at any time upon a proper showing. (*Matter of City of New York*, 209 N. Y. 127, 132; *Schlimmer* v. *New York, Ontario & Western R. R. Co.*, 212 App. Div. 782.)

For these reasons the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

Motion to dismiss appeal or to correct the record denied. Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.