Samuel Greenberg, Plaintiff, *v.* Morris A. Rudnick and Another, Defendants.

City Court of New York, Kings County, May 26, 1932.

*Louis P. Neustlin,* for the plaintiff.

*Abraham H. Simon,* for defendant Rudnick.

Fennelly, J.  Summary judgment under rule 113 of the Rules of Civil Practice was granted against the defendant Rudnick and upon appeal affirmed.  Before the determination of the appeal an application for a new hearing was made at Special Term by the said defendant, upon facts that had not been presented in opposition to the original motion, some of which it is claimed were not known at the time by this defendant.  If these facts were before the court upon the original motion, the application for summary judgment would have been denied.  The allegations made in the affidavits, accepted as facts, as they must be on a motion for summary judgment, indicate that the payee's title to the promissory note was defective.  The burden would, therefore, be on the plaintiff, the holder, to prove that he acquired title as a holder in due course. (Neg. Inst. Law, § 98; *Eichinger* v. *Zimmerlein,* 230 App. Div. 708.)

The court has inherent power to open its judgments in the furtherance of justice.  (*Ladd* v. *Stevenson,* 112 N. Y. 325, 332.)

The exceptional circumstances in this case require exceptional treatment.  A new hearing will be granted defendant Rudnick, providing he files a surety company bond to protect the plaintiff against any judgment that may be procured herein and upon payment of ten dollars costs.  This bond should be filed within five days after the service of the order granting this motion with notice of entry.  Settle order upon two days' notice of settlement.