OTTO FRANKEL, Respondent, v. YETTA FRANKEL, Appellant.— Appeal by defendant from an order denying her motion to modify a final judgment annulling a marriage pursuant to Domestic Relations Law, section 7, subdivision 5. Order affirmed, without costs and without prejudice to an application by defendant at

Special Term to vacate the judgment and to enter a new judgment which shall make appropriate provision for her suitable care and maintenance during life, as provided by statute (Domestic Relations Law, § 7, subd. 5) and shall direct that the children of the marriage are the legitimate children of plaintiff and defendant. The judgment was validly entered as provided by that section. Lazansky, P. J., Carswell, Johnston and Adel, JJ., concur. Hagarty, J. (dissenting). I dissent and vote to reverse the order and to grant the motion to the extent of allowing the defendant a suitable counsel fee for services rendered and to be rendered, to vacate the final decree of annulment and to remit the matter to the Special Term to make a new decree providing, in addition to the provisions contained in the decree appealed from, that the issue of the marriage are the legitimate children of both parties, and for alimony in a proper sum, to be determined upon proof adduced by reference or otherwise, for the support and maintenance of the wife. The decree should also provide for security for the suitable care and maintenance of defendant during her life, in the language of subdivision 5 of section 7 of the Domestic Relations Law, and in accordance with the further provisions of that statute as to filing and recording, and in an amount to be determined in accordance with proof adduced, by reference or otherwise. The decree of annulment, in failing to provide for the care and maintenance of the defendant and in limiting the effect of the security to payments to the State Department of Mental Hygiene while defendant was confined in a State institution, violated the provisions of subdivision 5 of section 7 of the Domestic Relations Law. The judgment should be vacated in the interest of justice. (*Ladd* v. *Stevenson*, 112 N. Y. 325.) The making of a new decree will render available the reservations of power contained in sections 1140, 1140-a and 1169, Civil Practice Act, which were inapplicable to the final judgment theretofore entered. (See my opinion in *Cohen* v. *Cohen*, *ante*, p. 765, decided herewith.)