Arthur Wachtel, J.
After hearing I find as follows:
(1) That the petition alleged that the monthly rent was $75.
(2) That the petition alleged that the rent demanded was no greater than the maximum rent established and fixed by the City Rent and Rehabilitation Administrator prescribed by the City Rent and Rehabilitation Law of the City of New York, this clause being part of a printed form in nonpayment proceedings.
(3) That the rent with respect to the said premises has been fixed by the City Rent and Rehabilitation Administrator at the sum of $42.32 as of May 14, 1962.
(4) That in accordance with the said registration of rent the tenant mailed to the landlord money orders in the sum of $42.32 dated May 1, 1964 and June 1, 1964, respectively, and that the said money orders were received by the landlord, and that the said landlord cashed the said money order dated June 1 which cleared on July 14,1964 and the money order dated May 1 which cleared on July 15, 1964.
(5) That the tenant in addition mailed to the landlord a money order dated July 3, 1964 in the sum of $42.32 which cleared on July 16,1964.
(6) That the tenant intended this latter payment to apply to the July rent.
(7) That prior to the issuance of the precept in this proceeding on July 7,1964 and prior to the service of the precept and petition on July 9, 1964, landlord had received from the tenant the total sum of $126.96.
(8) That the landlord proceeded with the application for a final order without apprising the court of the said payments *733 and upon the basis of the allegation in the petition that the rent demanded was the legal maximum rent as fixed by the Rent and Rehabilitation Administration and as prescribed by the City Rent and Rehabilitation Law.
(9) That the landlord believed that the premises were decontrolled and was so advised at the time he purchased the property by the former landlord and by his attorney upon the basis of prior occupancy of the former landlord, and that upon this basis entered into an agreement with the tenant for a rental at the rate of $75 per month and that such rent was paid by the tenant prior to May 1,1964.
The landlord contends that even with the payment of the $42.32 each in May, June and July there were still insufficient moneys to pay for the total rent at the rate of $75 per month, that there was still a balance due of $23.48 for May and June and that he was entitled to proceed to obtain the final order.
The landlord believed that the premises were decontrolled by. reason of the prior occupancy of the former landlord. However, no such allegation was made in the petition and the final order was obtained on the basis of an allegation of controlled rent which was $42.32 and not $75.
Accordingly, there was in fact a mistake in the allegations of the petition and a misrepresentation, though innocent, which was the basis for the final order.
The court finds that the landlord did not willfully and intentionally perpetrate a fraud upon the court in obtaining the final judgment. However, it was obtained on the basis of mistake in the allegation as to controlled rent contained in the printed form of the petition.
Decontrol must be sufficiently alleged and sufficiently proved. It has been said that a mere statement that the premises are decontrolled is a bare conclusion and such a pleading is jurisdictionally defective. (Giannini v. Stuart, 6 A D 2d 418 [1st Dept.])
Under CPLR 5015 (subd. [a], par. 3) the court may relieve a party from a judgment upon the ground of “fraud, misrepresentation or other misconduct of an adverse party ’ ’. In the original Advisory Committee Draft, the words “ misrepresentation and other misconduct ” were not included. (N. Y. Legis. Doc., 1959, No. 17, p. 203.) They were inserted in the next draft (N. Y. Legis. Doc., 1960, pp. 214-215) and are now in the present rule. “ The effect is to broaden the basis for granting relief beyond that recognized in the prior case law by permitting the court to vacate a judgment without a showing of facts that establishes the commission of a fraud.” (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5015.08.)
*734 Cases holding that judgment may not he collaterally attacked for intrinsic fraud no longer apply. Although CPLR 5015 (subd. [a], par. 3) does not so specify, the Advisory Committee’s notes state (N. Y. Legis. Doc., 1959, No. 17, p. 204):
“The ‘fraud’ specified in subparagraph 3 may be either extrinsic or intrinsic.” And the said Advisory Committee’s notes further point out: “ The court’s inherent power to relieve a party from the operation of a judgment in the interest of substantial justice is not limited in any way by the proposed rules. ‘ The whole power of the court to relieve from judgments taken through “mistake, inadvertence or excusable neglect” is not limited . . .; but in the exercise of its control over its judgments it may open them npon the applications of anyone for .sufficient reason, in the furtherance of justice. Its power to do so does not depend upon any statute but is inherent’”. (Ladd v. Stevenson, 112 N. Y. 325, 332; see, also, Carmody, New York Practice 644 [7th ed.], Forkosch 1956, pp. 204-205.)
Accordingly, the final judgment is vacated, the tenant is granted leave to serve and file his answer within 10 days from the date of this order and the proceeding is set for trial on March 5, 1965 at Trial Term, Part II.