Alexander W. Kramer, J.
Application for an order to modify the judgment of this court so as to omit the item of prospective Sheriff’s fees.
The factual pattern is interesting. After trial this court directed judgment in favor of the plaintiff for $45.75, together with interest, costs and disbursements. The attorneys for the plaintiff thereafter submitted a proposed judgment to the Clerk of the court: it made no provision for prospective Sheriff’s fees. The Clerk, in entering the judgment, included an item of $21.80 for prospective Sheriff’s fees, resulting in a total sum applicable to said judgment of $84.84, rather than the $63.04 requested by plaintiff.
Defendant tendered the $63.04 to the attorneys for the plaintiff. It was rejected despite the fact that at that time the matter had not been referred to the Sheriff.
Sections 1907 and 1908 of the UDCA authorize the inclusion of prospective Sheriff’s fees for receiving and returning an execution. They do not necessarily mandate it.
The court has the inherent power to control its judgments: this power does not rest upon statute. (Ladd v. Stevenson, 112 N. Y. 325; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5015.12, pp. 50-190, 50-191.)
“Necessary disbursements ” as enumerated in TJDCA 1908 encompass out-of-pocket expenses incurred by a party. Since the plaintiff herein was not required to resort to a Sheriff’s execution by virtue of the defendant’s tender of payment, justice requires that the defendant herein be relieved of that item.
If the plaintiff, despite defendant’s tender has proceeded with an attempted execution, it has done so at its own peril.
Therefore, the motion to modify the judgment is granted, without costs.